PRICE, Judge.
Plaintiffs, Earl and Leola Stutts,-brought this action against Bill Lyles to recover the cost of automobile repairs, medical expenses, and damages for personal injuries to Mrs. Stutts, arising out of the collision of their automobile with a cow on Highway 175 in DeSoto Parish.
The accident happened about four miles south of Mansfield just after dark on December 2, 1974. At this time, Earl Stutts was driving the family automobile accompanied by his wife who was seated in the right front seat. Plaintiffs allege that the driver of an oncoming vehicle failed to dim the headlights preventing them from seeing the black cow in their lane of traffic. As a result of striking the cow, plaintiffs’ vehicle was damaged and Mrs. Stutts suffered injury to her cervical spine.
Plaintiffs allege defendant, Bill Lyles, was the owner of the cow and that he was at fault in causing the collision by allowing the animal to run loose on a highway which is subject to the stock law statute *918 and in failing to take proper precautions to keep the cow in a fenced area.
The trial court concluded plaintiffs failed to prove the defendant, Lyles, owned the subject cow and rendered judgment dismissing plaintiffs’ demands.
We affirm for the reasons given hereafter.
The evidence showed the cow to be a large Black Angus breed without any brand or other identifying markings.
The only basis for attributing ownership to defendant was information given to an investigating deputy sheriff by a resident near the scene of the accident that the cow belonged to “Mr. Lyles”.
' This evidence was fully rebutted by the other evidence presented on trial of the case which clearly showed that defendant, Bill Lyles, had no cattle pastured within ten miles of the accident scene and that he did not own any cattle of this breed. It was also established that all cattle belonging to him were branded prior to being placed in a pasture.
It is apparent that the person who gave the opinion that the cow belonged to defendant was mistakenly thinking of defendant’s grown son, William Henry Lyles, who rented a pasture adjacent to the accident scene. There is also testimony showing there are other parties who maintain Black Angus cattle in pastures in the immediate vicinity of the accident.
It is elemental that the plaintiff is required to prove by a preponderance of the evidence the ownership of the animal which caused the injury before he may recover under the provisions of Louisiana Civil Code Article 2321.
Plaintiffs argue on this appeal that the jurisprudence indicates that in suits against owners of animals, the burden of proof required by a plaintiff is not as great as in other actions for damages. The recent cases on which counsel relies for this proposition involve solely the responsibility of the owner to exculpate himself from fault once the ownership has been established and in no way indicate the burden of proof relating to ownership has been relaxed.
We find the record in this instance to clearly sustain the trial court’s finding that the animal did not belong to defendant and accordingly the judgment appealed from is affirmed at appellants’ costs.