606 So.2d 1370 (1992)
David R. BRADFORD, Plaintiff-Appellant,
v.
LOUISIANA DOWNS, INC., Defendant-Appellee.
No. 24065-CA.
Court of Appeal of Louisiana, Second Circuit.
October 28, 1992.
*1372 Ronald J. Miciotto, Shreveport, for plaintiff-appellant.
Lunn, Irion, Johnson, Salley & Carlisle by Charles W. Salley, Shreveport, for defendant-appellee.
Before LINDSAY, VICTORY and STEWART, JJ.
LINDSAY, Judge.
The plaintiff, David R. Bradford, was injured on the parking lot at Louisiana Downs when he was bitten by a copperhead snake. The plaintiff sued Louisiana Downs, Inc. for medical expenses, lost wages, and pain and suffering, asserting theories of negligence and strict liability. The defendant filed a motion for summary judgment which was granted by the trial court. The plaintiff appealed the trial court judgment. For the following reasons, we affirm.

FACTS
On July 18, 1990, the plaintiff attended the races at Louisiana Downs. Between 4:00 and 5:00 p.m. that afternoon the plaintiff and a companion were walking in the parking lot looking for their vehicle. A copperhead snake was coiled beneath the back tire of one of the cars on the parking lot. The snake struck the plaintiff as he walked between the vehicles. The plaintiff stated he felt something similar to a wasp sting on his leg. His companion looked under the car and saw the snake. Other track patrons killed the snake by running over it with a car. The plaintiff was immediately taken to a nearby hospital where he was treated and hospitalized briefly for observation.
On April 24, 1991, the plaintiff filed suit against Louisiana Downs, Inc. In his suit plaintiff alleged that the defendant was negligent in failing to properly inspect and maintain the parking lot, in failing to use ordinary and reasonable care to protect patrons from a dangerous condition and in failing to warn of the presence of the dangerous condition. The plaintiff also asserted in the alternative that the defendant was liable under the theory of strict liability.
On September 30, 1991, the defendant filed a motion for summary judgment, asserting that there was no genuine issue of material fact. Attached to the motion was the deposition of the plaintiff, as well as affidavits from Frank R. Pernici, director of security at Louisiana Downs, Inc., and from Robert W. Cash, director of parking at Louisiana Downs, Inc. In the plaintiff's deposition, he acknowledged that the snake was wild, as opposed to a domesticated animal that was owned by someone.
Mr. Pernici stated in his affidavit that he was the director of security at the time this incident occurred and had full and immediate knowledge of patron parking areas at Louisiana Downs. In his affidavit he stated that since the track's opening in 1974, more than 17 million people had patronized the race track and the plaintiff was the only one ever to report having been bitten by a snake. Mr. Pernici also stated that security personnel regularly patrolled the lot in motorized vehicles and also surveyed the lot from the third floor of the track with binoculars. He stated that no one had previously sighted a snake on the parking lot.
In his affidavit, Robert W. Cash, director of parking, stated that the parking lot was under surveillance by Cash and his employees. Neither Mr. Cash nor any of his personnel ever reported seeing a snake on the parking lot.
*1373 The plaintiff furnished no counter affidavits or other documentation in opposition to the motion for summary judgment.
Argument on the motion was held on October 24, 1991. The plaintiff argued that the defendant breached its duty by failing to discover the snake on its parking lot.
The defendant argued that the snake was very small and was under a car and that if the defendant should have seen it, then the plaintiff should have also seen it. The defendant argued that under the theory of strict liability, the plaintiff failed to show a defect in the parking lot.
The trial court granted the motion for summary judgment in favor of the defendant. In oral reasons for judgment, the court stated:
Evidently all parties agree that the evidence is the same. Plaintiff wants to argue that because of the number of people patrolling Louisiana Downs that they should have seen something. To hold them negligent because they didn't see a snake under a car, I don't believe is the law. I certainly believe they have some accountability, but for unforeseeable dangers, absent some showing that they breached some duty, and under the facts of this case as they exist, the only thing that plaintiff claims is, well, because of the patrol in the parking lot, they should have seen the snake. If that's the argument, if they should have seen it, the plaintiff himself should have seen it. And the court is of the opinion that the law would not support a judgment for plaintiff in this case. And for that reason, I find no question of genuine issue of material fact and find that the law being in favor thereof, will grant the Motion for Summary Judgment.
The plaintiff appealed the trial court judgment, arguing that the trial court erred in finding that there were no genuine issues of material fact. The plaintiff argues that but for the defendant's negligence, he would not have been injured. He contends that the allegation of negligence alone is sufficient to defeat a motion for summary judgment. The plaintiff also argues that whether the security personnel properly patrolled and inspected the parking lot is a genuine issue of material fact precluding summary judgment. The plaintiff further contends that the mere presence of the snake on the parking lot was sufficient to establish strict liability on the part of the defendant.

SUMMARY JUDGMENT
LSA-C.C.P. Art. 966 provides that a motion for summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.
A fact is material if its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery. Facts are "material" if they potentially insure or preclude recovery, affect the litigants' ultimate success or determine the outcome of a legal dispute. Swindle v. Haughton Wood Company, Inc., 458 So.2d 992 (La.App.2d Cir.1984); Dunn v. FMC Corporation, 589 So.2d 1115 (La.App.2d Cir.1991).
The mover has the burden of affirmatively showing the absence of a genuine issue of material fact and any doubt on this score should be resolved against granting the motion. Swindle v. Haughton Wood Company, Inc., supra; Langley v. Oxford Chemicals, Inc., 559 So.2d 520 (La. App.2d Cir.1990). To satisfy his burden, the mover must meet a strict standard by showing that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any genuine issue of fact. Rhines v. Carpenter, 465 So.2d 884 (La.App.2d Cir.1985).
Supporting and opposing affidavits shall be made on personal knowledge, shall *1374 set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. LSA-C.C.P. Art. 967.
When a motion for summary judgment is made and supported, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. LSA-C.C.P. Art. 967. In effect, after the mover files sufficient documentation to support the motion for summary judgment, the burden shifts to the opponent to prove material facts are at issue. Langley v. Oxford Chemicals, Inc., supra.
Papers supporting the mover's position are to be closely scrutinized, while the opposing papers are to be indulgently treated, in determining whether the mover has satisfied his burden of proof. Vermilion Corporation v. Vaughn, 397 So.2d 490 (La.1981); Rhines v. Carpenter, supra; Ouachita National Bank v. Gulf States Land and Development Inc., 579 So.2d 1115 (La.App.2d Cir.), writ denied 587 So.2d 695 (La.1991).
The presence of a factual issue will not always defeat summary judgment. If the mover shows he is entitled to judgment as a matter of law, then a factual issue immaterial to his position will not defeat his motion. Langley v. Oxford Chemicals, Inc., supra, and cases cited therein.
In the present case, the facts are not in dispute, and no genuine issue of material fact has been shown by the plaintiff. Therefore, determination of whether the defendant is entitled to summary judgment turns solely upon whether the defendant is entitled to judgment as a matter of law. Where no factual dispute exists and no credibility determinations are required, questions of the existence of and violation of a duty are legal questions within the province of the trial judge. Hammer v. City of Lafayette, 502 So.2d 301 La.App. 3rd Cir.1987). The plaintiff in this case did not offer any affidavits or other documents, as contemplated by LSA-C.C.P. Art. 967, to counter the documentary proof offered by the mover. Contrary to Article 967, the plaintiff chose to rely upon the allegations and denials in his pleadings. Based upon the information before the trial court, and the law applicable as discussed below, it was correct in granting the defendant's motion for summary judgment.

NEGLIGENCE
The plaintiff argues that the defendant was negligent under LSA-C.C. Art. 2315, because it knew or should have known of the existence of the snake on its parking lot. In order to prevail on a theory of negligence, a plaintiff must show:
1. The defendant's conduct was a cause in fact of the accident;
2. The defendant owed a legal duty encompassing the particular risk to which the plaintiff was exposed;
3. The defendant breached that duty; and
4. Damages resulted.
Dixie Drive It Yourself System, Inc. v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962); Langley v. Oxford Chemicals, Inc., supra.
The owner or person having custody of immovable property has a duty to keep the property in a reasonably safe condition and must discover any unreasonably dangerous condition on the premises and either correct that condition or warn potential victims of its existence. Carter v. Board of Supervisors of Louisiana State University, 459 So.2d 1263 (La.App. 1st Cir.1984), writ denied 462 So.2d 1248 (La. 1985). This duty is the same under both the strict liability theory of LSA-C.C. Art. 2317 and the negligence theory of LSA-C.C. Art. 2315. The difference is in the proof requirement for the two theories of liability.
*1375 Under LSA-C.C. Art. 2315, the plaintiff must prove that the defendant knew or should have known of the risk. Under LSA-C.C. Art. 2317, the plaintiff is relieved of proving scienter on the part of the defendant. Carter v. Board of Supervisors of Louisiana State University, supra.
The property owner's duty is to act reasonably in view of the probability of injuries; he is not the insurer of his premises. Langley v. Oxford Chemicals, Inc., supra, and cases cited therein. Whether there was a condition on the property which created an unreasonable risk of harm is a legal question. Mims v. Bradford, 503 So.2d 1083 (La.App.2d Cir.), writ denied, 504 So.2d 556 (La.1987).
In order to recover from an owner or custodian of immovable property, under a negligence theory, the plaintiff must show that the owner or custodian knew or should have known of an unreasonable risk of harm posed by the property. Waters v. McDaniel Recreation Center, 521 So.2d 788 (La.App.2d Cir.), writ denied, 524 So.2d 520 (La.1988).
In this case, there is no showing that the defendant had a duty to protect the plaintiff against the risk of being bitten by a snake. There is no showing that the defendant knew or should have known of the existence of the snake or that the risk to patrons in its parking lot of being bitten by snakes was a foreseeable risk. In the affidavits and deposition attached to the defendant's motion for summary judgment, it was established that although more than 17 million persons had patronized the race track, the plaintiff was the only person ever to report having been bitten by a snake. The affidavits also established that the parking lot was regularly patrolled by security personnel and parking lot employees and that none of these employees ever reported seeing a snake on the parking lot. The steps taken by the defendant in patrolling the parking lot were reasonable in view of the low probability of injury to patrons from snake bites.
The plaintiff did not offer any counter affidavits or other documentation as contemplated by LSA-C.C.P. Art. 967 to refute the defendant's position. Further, there is no explanation for the absence of such documentation. Rather, the defendant impermissibly relies upon his allegations and denials in his pleadings.
In his brief filed in this court, the plaintiff argues that Louisiana Downs is near wooded or swampy areas making it foreseeable that this snake would be on the parking lot. However, the plaintiff provided no documentation to this effect in opposing the motion for summary judgment. The trial court was correct in concluding upon the uncontested facts of this case, that the defendant owed the plaintiff no duty to protect or warn against the dangers of being bitten by a snake on the parking lot. Therefore, the defendant was entitled to summary judgment as a matter of law.

STRICT LIABILITY
The plaintiff also asserted the defendant was liable under the theory of strict liability under LSA-C.C. Art. 2317, which provides:
We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.
One of these modifications is found in LSA-C.C. Art. 2321 which provides:
The owner of an animal is answerable for the damage he has caused; but if the animal had been lost, or had strayed more than a day, he may discharge himself from this responsibility, by abandoning him to the person who has sustained the injury; except where the master has turned loose a dangerous or noxious animal, for then he must pay for all the harm done, without being allowed to make the abandonment.
*1376 The defendant argues in his brief that strict liability is established by the mere fact that the defendant was the owner of the parking lot and the snake was present on that lot. This argument is meritless.
The plaintiff admitted in his deposition that the snake was "wild." There has never been an allegation that the snake was under the ownership or control of the defendant. It is elemental that a plaintiff is required to prove by a preponderance of the evidence the ownership of the animal which caused the injury before he may recover under the provisions of LSA-C.C. Art. 2321. Stutts v. Lyles, 332 So.2d 917 (La.App.2d Cir.1976). Because there was no allegation or proof that the defendant owned the snake, the defendant is not liable under LSA-C.C. Art. 2321.
Further, the mere fact that the defendant owns the parking lot and the snake was on the parking lot does not create strict liability on the part of the defendant. In order for a defendant to be held strictly liable under LSA-C.C. Art. 2317, the plaintiff must show:
1. That the thing which caused the injury was in the care, custody and control ("garde") of the defendant;
2. That a vice or defect existed in the thing;
3. That the vice or defect caused the injury.
See Loescher v. Parr, 324 So.2d 441 (La. 1975); Langley v. Oxford Chemicals, Inc., supra.
Under these factors, the thing which caused the damage was the snake, not the parking lot. The defendant did not have the "garde" of the snake. Further, the snake was not a vice or defect in the parking lot. A defect is a flaw or condition existing in the thing itself. Langley v. Oxford Chemicals, Inc., supra. The snake does not meet this definition of defect and the plaintiff cannot prevail against the defendant under the theory of strict liability.

CONCLUSION
For the reasons stated above, the trial court did not err in granting the motion for summary judgment filed by Louisiana Downs, Inc. There is no genuine issue of material fact and Louisiana Downs is entitled to judgment as a matter of law. We affirm the trial court judgment. Costs in this court and in the court below are assessed to the plaintiff, David R. Bradford.
AFFIRMED.