BROWN, Judge.
Plaintiff’s motion for summary judgment was granted in his action to collect monies allegedly owed pursuant to an agricultural lease and water service contract. Defendant, Herbert Johnson, who never disputed his obligation under the lease, appeals the summary judgment ordering him to pay in respect to the service contract. For the following reasons, we reverse in part, affirm in part and remand for further proceedings.
FACTS
In March 1991, Herbert Johnson and Ernest Meier, doing business as Mollicy Farms, entered into a written agreement whereby Johnson leased approximately 460 acres of farmland in Morehouse Parish for the purpose of planting a rice crop. The minimum cash rental per acre was $53.00 and the total minimum annual rent was $24,419.75. The agricultural lease was prepared by Mollicy Farms and contained the following acknowledgment by the lessee:
Lessee specifically acknowledges that Lessee is familiar with the geographical *250 terrain surrounding the Leased Premises, including river boundaries, backwater and overflow hazards, levee length and condition, and that being aware of such hazards, Lessee specifically agrees to hold Lessor harmless from any damage resulting to Lessee, to Lessee’s employees, property or crop, resulting from any acts of nature such as flooding, storms or other such hazards presently foreseen or unforeseen. Any such damages suffered by Lessee shall not result in an abatement of Lessee’s obligations to Lessor under this agreement.
In a separate document titled “SERVICE CONTRACT” defendant agreed to purchase water from “Mollicy Farms Water Dist.” for the rice crop to be planted on the leased lands. The pertinent provisions of the contract state:
Such water shall be delivered to the edge of the property as described in said Agricultural Lease and Security Agreement. It shall be the sole responsibility of Purchaser to distribute the water from the edge of the field. The price of the water shall be computed at the rate of $65.00 per planted acre of rice not to exceed 80% of the total base acres. Purchaser agrees and it is understood that Purchaser will be charged a sum equal to $65.00 per planted acre of rice not to exceed 80% of Purchaser’s rice base regardless of whether he makes use of the water or not.
Subsequently, in May 1991, because of the high water level of the Ouachita River, the levee surrounding the land leased by defendant from Mollicy Farms broke. The property was flooded and water was approximately twenty (20) feet deep in the area where the rice was to be planted. Johnson failed to make payments due under both the agricultural lease and the water service contract. Meier filed suit against Johnson on both contracts, seeking $24,419.75 on the lease and $23,959.00 on the service contract, together with legal interest, attorney fees and costs. Johnson admitted his obligation to pay rent under the agricultural lease, but denied owing any money pursuant to the water contract. Meier filed a motion for summary judgment seeking the amounts allegedly due on both contracts, which motion was granted by the trial court.
DISCUSSION
A motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Tugwell v. State Farm Insurance Co., 609 So.2d 195 (La.1992). The mover for summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact and any doubt as to the existence of such an issue must be resolved against granting the motion. Bradford v. Louisiana Downs, 606 So.2d 1370 (La.App. 2d Cir.1992); Ouachita National Bank in Monroe v. Gulf States Land & Development, Inc., 579 So.2d 1115 (La.App. 2d Cir.1991), writ denied, 587 So.2d 695 (La.1991).
In the instant case, the trial court found the language of the Service Contract clear enough to warrant summary judgment in favor of the plaintiff. We disagree.
The service contract was between defendant (buyer) and Mollicy Farms Water Dist. (seller) and was an agreement to enter into a sale. The price, object and consent were set forth in this purchase agreement. The pleadings and affidavits of both parties state that the property, including the pump and irrigation system operated by the Water District, was under twenty feet of water. Defendant’s affidavit further stated that the Water District could not perform its obligations because the flood had destroyed its equipment. All parties agreed that no services were performed. The affidavits and pleadings raise a genuine issue as to whether the water district was capable of performance as required by the agreement. While the agricultural lease specified that the total minimum annual rent was owed regardless of *251 flooding, the service contract did not contain similar language.
Additionally, the service contract specified that the purchaser would be charged a sum equal to $65.00 per planted acre of rice not to exceed 80% of the purchaser’s total base acres regardless of whether the purchaser made use of the water or not. A plausible argument can be made that where there are no planted acres of rice, the amount owed by the purchaser would be $65.00 times zero (0), or nothing. Thus, it can be argued that the water contract, unlike the lease agreement, contemplated that the cost of the water would be based on acres actually planted by the lessee. Paragraph four (4) of Meier’s answer to Johnson’s reconventional demand to set aside the water contract admits:
[T]hat a levee which surrounded the property where the rice was to be planted broke because of the high water level of the Ouachita River and that the depth of the water in certain areas of Mollicy Farms where rice was to be planted may have approximated twenty (20) feet. (Emphasis added).
Because the water service contract did not provide for payment when no crop was planted due to flooding and because the language of the contract appears to require payment for only acres planted, summary judgment on this issue was inappropriate. To the extent that the water contract provisions can be classified as ambiguous, we observe that a contract executed in the standard form of one party (as was the case here) must be interpreted in case of doubt in favor of the other party. LSA-C.C. Art. 2056. Similarly, in case of doubt that cannot otherwise be resolved, a contract must be interpreted against the obli-gee and in favor of the obligor of a particular obligation. LSA-C.C. Art. 2057; Ouachita National Bank, supra.
CONCLUSION
The trial court erred in granting summary judgment in favor of Ernest Meier with respect to the water service contract. However, defendant-appellant has not contested his obligation under the agricultural lease. Accordingly, the decision of the trial court is affirmed to the extent that it renders judgment in favor of Ernest Meier d/b/a Mollicy Farms and against Herbert Johnson in the sum of $24,419.75, the amount of rent due under the agricultural lease. The decision of the trial court is reversed insofar as it awards summary judgment in favpr of Meier and against Johnson on the water contract in the amount of $23,959.00. In light of the foregoing, we set aside the award of attorney fees to Meier. Costs are assessed to the plaintiff-appellee.
DECREE
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.