621 So.2d 99 (1993)
McNEER ELECTRICAL CONTRACTING, INC., Plaintiff-Appellee,
v.
CRL, INC., Defendant-Appellant.
No. 24910-CA.
Court of Appeal of Louisiana, Second Circuit.
June 23, 1993.
Touchstone & Wilson by David M. Touchstone, Bossier City, for plaintiff-appellee.
Tyler & Johnson by Tommy J. Johnson, Shreveport, for defendant-appellant.
Charles R. Lombardino, Agent, in pro. per.
Before LINDSAY, VICTORY and WILLIAMS, JJ.
WILLIAMS, Judge.
Defendant appeals an adverse partial summary judgment asserting that there *100 are genuine issues of material fact. For the reasons assigned below, we affirm.

FACTS
In July, 1990, the business premises of the defendant, CRL, Inc. (CRL), were heavily damaged by fire. CRL began repairing the building and hired the plaintiff, McNeer Electrical Contracting, Inc. (McNeer) to perform the electrical work. After the work was completed, McNeer presented CRL with a bill for $29,091.66. CRL refused to pay and McNeer placed a lien against CRL's property. McNeer then filed a petition to enforce the lien against CRL.
CRL filed an answer to McNeer's petition asserting that it was not liable for $29,091.66 because it had an agreement with McNeer that the cost of the improvements would be for an amount between $10,000 and $15,000, with the payment conditioned on McNeer performing work of good quality. CRL contends the work done by McNeer was unsatisfactory and a breach of their agreement in that: (1) McNeer installed used circuit breakers but billed CRL for new circuit breakers; (2) McNeer charged CRL for wire that was not used; (3) McNeer overcharged CRL for materials; and (4) McNeer billed more hours for its employees than they actually worked.
McNeer filed a motion for partial summary judgment seeking $10,000, and reserving its right to the balance, legal interest and costs. The trial court rendered a partial summary judgment in favor of McNeer for $10,000, reserving McNeer's right to any amount in excess of $10,000, in addition to legal interest and costs.
CRL filed this appeal after its subsequent motion for a new trial and motion for a partial summary judgment to limit its liability to McNeer to $15,000 were denied.

DISCUSSION
LSA-C.C.P. Art. 966 provides that a motion for summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall affirmatively show that the affiant is competent to testify to the matters stated therein. LSA-C.C.P. Art. 967.
This Court recently summarized the law applicable to summary judgments in Bradford v. Louisiana Downs, Inc., 606 So.2d 1370 (La.App.2d Cir.1992). There, we held that a fact is material if its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery. Facts are "material" if they potentially insure or preclude recovery, affect the litigants' ultimate success, or determine the outcome of a legal dispute. The mover has the burden of affirmatively showing the absence of a genuine issue of material fact and any doubt must be resolved against granting the motion. Bradford, supra. To satisfy his burden, the mover must meet a strict standard by showing that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any genuine issue of fact. When a motion for summary judgment is made and properly supported, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. LSA-C.C.P. Art. 967. Thus, after the mover files sufficient documentation to support the motion for summary judgment, the burden shifts to the opponent to prove material facts are at issue. The presence of a factual issue will not always defeat summary judgment. If the mover shows he is entitled to judgment as a matter of law, then a factual issue immaterial to his position will not defeat his motion. Bradford, supra.
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. *101 Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La. 1991); Mosley v. Dairyland Insurance Co., 614 So.2d 792 (La.App. 2d Cir.1993).
McNeer filed the affidavit of Curtis McNeer, president of McNeer Electrical Contracting, Inc., with the motion for partial summary judgment. In the affidavit, McNeer claims that CRL had an open account with his company and owes it $29,091.66 as well as legal interest, attorney's fees and costs. The deposition transcript of Charles R. Lombardino, president and sole owner of CRL, is also attached to the motion for partial summary judgment. McNeer argues Lombardino "admitted" CRL owes a minimum of $10,000 for the improvements during his deposition.
Q. Okay. Let me ask you again: What do you think McNeer Electrical should be paid for what it has done on your building?
A. I think it is going to be somewhere between $10,000 and $15,000. I would like to look through these invoices and through labor, ... I don't know what is what. But I do know that he did do work here.
Q. If I understood your testimony right, you just said at a minimum McNeer should be paid $10,000?
A. That's correct.
CRL's initial argument is that the trial court should not have examined Lombardino's deposition when it considered McNeer's motion for partial summary judgment because the deposition was not filed into evidence. However, LSA-C.C.P. Art. 966 directs the trial court to consider depositions when deciding a motion for summary judgment. Under these circumstances, depositions need not be formally introduced "in evidence." Succession of Crowe v. Henry, 602 So.2d 243 (La.App. 2d Cir.1992); Pickering v. Hercules, Inc., 486 So.2d 1185 (La.App. 3d Cir.1986). In any event, the deposition transcript was filed into evidence as an addendum to the motion for summary judgment and appears at page forty-six of the record. Therefore, the trial court properly considered the defendant's deposition testimony in ruling on the plaintiff's motion for summary judgment.
CRL further contends that there is a genuine issue of material fact which precluded the grant of partial summary judgment. CRL claims that its president, Lombardino, was stating the range of payment under the agreement rather than an amount that was due. He argues that the final costs of the repairs was subject to a verification of labor and billing. A further review of Lombardino's deposition discloses the following colloquy between plaintiff's counsel and Lombardino:
Q. Okay. Let me ask you again: what do you think McNeer Electrical should be paid for what it has done on your building?
A. I think it is going to be somewhere between $10,000 and $15,000. I would like to look through these invoices and through labor, and these things have been supplied to me, they say Seven Sisters on themI don't know what is what. But I know that he did do work there.
Q. If I understood your testimony right, you just said at a minimum McNeer should be paid $10,000?
A. That's correct.
. . . .
Q. Are you acknowledging that $15,000 is owed?
A. I think that probably we could come to that agreement, if we were able to sit down and scrutinize these things a little closer.
Q. So you are not acknowledging that $15,000 is owed?
A. Not at this time.
Q. You acknowledge that $10,000 is owed?
A. $10,000; yes.
McNeer argues that the grant of partial summary judgment was proper because Lombardino, acting on behalf of CRL, admitted that the work was to be done for an amount between $10,000 and $15,000 and that CRL owed McNeer $10,000. McNeer relies on Hancock Bank v. Alexander, 227 So.2d 183 (La.App. 3d Cir.1969) to support its position that a partial summary judgment *102 can be granted for an undisputed amount due. In Hancock, plaintiff sued on a note. The defendant husband admitted during his deposition that a lesser amount was owed. In fact, the defendant stated that they owed $2,002 rather than $2,084.10. On appeal, the court held that the plaintiff was entitled to a partial summary judgment for the lesser amount that the defendant admitted owing because that amount was uncontradicted and undisputed.
In the instant case, McNeer correctly argues that Lombardino's declaration was an admission sufficient to sustain a motion for summary judgment.
In regard to a judicial confession or admission, LSA-C.C. Art. 1853 provides:
A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it.
A judicial confession is indivisible and it may be revoked only on the ground of error of fact.
A judicial confession pursuant to the article is an official admission of adverse factual elements made by a party in the proceedings in the trial court of the validity of the opponent's claim. This confession or admission leaves no issue to be tried. See Martin v. Holzer Sheet Metal Works, Inc., 376 So.2d 500 (La.1979); Seals v. Pittman, 499 So.2d 114 (La.App. 1st Cir.1986). The party's explicit admission of an adverse factual element has the effect of waiving evidence as to the subject of the admission. In other words, the admission constitutes full proof against the party who made it. See generally, Starns v. Emmons, 538 So.2d 275 (La.1989); Smith v. Board of Trustees of Louisiana School Employees Retirement System, 398 So.2d 1045, 1047 (La.1981).
Lombardino's admission that $10,000 was due to McNeer was sufficient to warrant a partial summary judgment for that amount against CRL. No other evidence was required to prove that fact. The fact that there is a dispute, because McNeer claims that $29,091.66 is due instead of the admitted $10,000, does not prevent a partial summary judgment for the lesser amount shown without dispute to be due. LSA-C.C.P. Art. 1915(3). The trial court correctly granted McNeer's motion for partial summary judgment.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court at appellant's costs.
AFFIRMED.