hPEATROSS, J.
This appeal arises from an automobile accident which occurred on Parish Road 221, a rural road in Jackson Parish. The trial court granted summary judgment in favor of the Jackson Parish Police Jury (“the Police Jury”). Stanley Bissic, his employer and its liability insurer appeal. For the reasons stated herein, we reverse and remand the case to the trial court.

FACTS and PROCEDURAL BACKGROUND

On August 5, 1993, at approximately 2:00 p.m., Stanley Bissic was driving a pickup truck southbound on Parish Road 221, also known as Olive Grove Road, in Jackson Parish. At the same time, Grover Horton and his passenger, Elbert Truelove, were traveling northbound on Parish Road 221, also in a pickup truck. Mr. Bissic and Mr. Horton collided nearly head-on resulting in injuries to Mr. Truelove and Mr. Horton.
Mr. Horton and his wife, Marie, (collectively referred to herein as “the Hortons”) and Mr. Truelove brought suit against Mr. Bissic, Meyer, Meyer, LaCroix & Hixon, Mr. Bissic’s employer, and Aetna Casualty & Surety Company, Mr. Bissic’s insurer (collectively referred to herein as “Third Party Plaintiffs”). Thereafter, on July 8, 1997, Third Party Plaintiffs filed a third party demand against the Police Jury alleging that Parish Road 221, which the Police Jury had a duty to maintain, was unreasonably dangerous and was a cause of the accident.
On September 11, 1997, Mr. Truelove executed a “Receipt and Release” (“Truelove Release”) whereby, for consideration paid, all of Mr. Truelove’s claims against Third Party Plaintiffs arising out of the accident on Parish Road 221 were compromised and settled. The Truelove Release also contains an assignment of Mr. Truelove’s rights against the Police Jury to Third Party Plaintiffs. On September 12, 1997, the following day, Mr. Truelove executed a “Release of All Claims” whereby, for consideration paid, Mr. Horton and his insurer, Southern | ¡¡.United Fire Company, were released and discharged from any claim or right of action Mr. Truelove may have had against them arising out of the accident.
On November 5, 1998, the Hortons executed a “Receipt and Release, Hold Harmless, Subrogation and Assignment” (“Horton Release”) whereby, for consideration paid, the Hortons released and discharged Third Party Plaintiffs from any claims arising out of the accident. The Horton Release also contains an express reservation of the Hortons’, their assignees’ or subrogors’, rights against the Police Jury.
On October 7, 1998, the Police Jury filed a motion for summary judgment. On January 26, 1999, it filed a supplemental motion for summary judgment. The bases for these motions were that the Police Jury had no duty to Third Party Plaintiffs as a matter of law and that Parish Road 221 was not unreasonably dangerous. The *380 Police Jury also argued that the settlement documents executed by Mr. Truelove and the Hortons did not create valid legal subrogations, conventional subrogations or assignments; and, therefore, Third Party Plaintiffs were precluded from bringing an action against it.
On February 9, 1999, finding that the Police Jury breached no duty to any party and that Parish Road 221 did not pose an unreasonable risk of harm, the trial court granted the Police Jury’s motion for summary judgment. On appeal, Third Party Plaintiffs argue that genuine issues of material fact exist regarding whether the Police Jury breached its duty and whether Parish Road 221 posed an unreasonable risk of harm; and, therefore, summary judgment was not properly granted. We agree.

DISCUSSION

The legal principles regarding summary judgment are well settled. A motion for summary judgment is not to be used as a substitute for trial on the merits. Rapp v. City of New Orleans, 95-1638 (La.App. 4th Cir.9/18/96), 1,681 So.2d 433, writ denied, 96-2925 (La.1/24/97), 686 So.2d 868. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966; Mixon v. Progressive Specialty Co., 29,698 (La.App.2d Cir.6/18/97), 697 So.2d 662. If the court finds that a genuine issue of material fact indeed exists, summary judgment must be denied.
The burden is on the party seeking summary judgment to establish that there is an absence of factual support for one or more of the essential elements of the adverse party’s claims. If the nonmoving party then fails to produce factual support sufficient to establish that it will be able to satisfy its evidentiary burden at trial, there is no genuine issue of material fact. La. C.C.P. art. 966; Berzas v. OXY USA, Inc., 29,835 (La.App.2d Cir.9/24/97), 699 So.2d 1149.
Further, La. C.C.P. art. 967 provides that, when a motion for summary judgment is made and supported as provided above, the party opposing summary judgment cannot rest on the mere allegations or denials of his pleadings, but must present specific facts showing that material facts are still at issue. La. C.C.P. art. 967. Although the burden of proof remains the same under the recent amendment to La. C.C.P. art. 966, summary judgment procedure is now favored to secure the just, speedy and inexpensive determination of all except certain disallowed actions. Acts 1996, 1st Ex.Sess., No. 9. We review summary judgments de novo under the same criteria that govern the district court’s consideration of the appropriateness of summary judgment. Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191; Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.7/5/94), 639 So.2d 730; Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991).

yDutu/Breach

In its reasons for judgment, the trial court stated “that the Jury breached no duty to any party, in the factual situation presented in this case.... ” The question of whether a duty exists is a question of law and is, therefore, appropriate for summary judgment. Mundy v. Department of Health and Human Resources, 620 So.2d 811 (La.1993); Carroll v. State Farm Fire and Casualty, 31,652 (La.App.2d Cir.5/5/99), 732 So.2d 1263; Mathieu v. Imperial Toy Corporation, 94-0952 (La. 11/30/94 ), 646 So.2d 318. Once a duty is found to exist, however, the question of breach of that duty is a question of fact which is not appropriately decided on summary judgment. Mundy, supra.
*381 We find, and the Police Jury acknowledges, that it does, in fact, have a duty to maintain public highways in a reasonably safe condition and remedy conditions that make roadways unsafe. Michel v. Ascension Parish Police Jury, 524 So.2d 1369 (La.App. 1st Cir.1988), writ denied, 530 So.2d 567 (La.1988). While that duty is somewhat qualified in that the duty is to see only that the roads are reasonably safe for persons exercising ordinary care and reasonable prudence, Graves v. Page, 96-2201 (La.11/7/97), 703 So.2d 566, it is a legal duty nonetheless, the breach of which is not a question of law, but a question of fact. Mundy, supra.
The Police Jury argues that it does not have a duty to negligent drivers. Such an assertion simply is not supported by the law of this state. By its very nature, the law of comparative fault allows for varying degrees of fault among multiple tortfeasors and/or plaintiffs. To agree with the Police Jury’s position would be to allow a public body to escape liability for an otherwise enforceable duty in situations where the plaintiff may be partially at fault. This court has specifically held that, when the fault of a motorist and the fault of a governing body responsible for warning motorists against unusually dangerous road hazards [.¡combine to produce an accident, comparative negligence is applicable. Holt v. State, Through the Department of Transportation and Development, 28,183 (La.App.2d Cir.4/3/96), 671 So.2d 1164, writ denied, 96-1132 (La.6/21/96), 675 So.2d 1080, unit granted, 96-1074 (La.6/21/96), 675 So.2d 1093; Gadman v. State, Through the Department of Transportation and Development, 493 So.2d 661 (La.App. 2d Cir.1986), modified on other grounds, 497 So.2d 1001 (La.1986). Determination of fault and the allocation thereof requires an analysis of both parties’ conduct and are questions to be decided by the trier of fact. Holt, supra. Moreover, a review of the jurisprudence reveals a plethora of cases in which the state or police jury has been held liable even when negligent motorists were involved. Hill v. Morehouse Parish Police Jury, 95-1100 (La.1/16/96), 666 So.2d 612; Holt, supra; Stephens v. Town of Jonesboro, 25,715 (La.App.2d Cir.8/19/94), 642 So.2d 274, writs denied, 94-2351, 94-2557, 94-2577 (La.11/29/94), 646 So.2d 400; Miller v. Ouachita Parish Police Jury, 550 So.2d 904 (La.App. 2d Cir.1989); Duplantis v. Danos, 95-0545 (La.App. 1st Cir.12/15/95), 664 So.2d 1383.
The record in this case discloses facts which may support a finding of liability on the part of the Police Jury. State Trooper T.W. Houck testified in his deposition that there were grooves in the roadway “which apparently would almost exist as the proper lane of travel” which made the road appear “like there’s one lane.” [1] *382 There is no posted speed limit on the road nor are there warning signs for |fipotential hazards such as hills or curves. Finally, we find Trooper Houck’s deposition testimony concerning the roadway condition prior to the accident significant. These are issues of fact and, therefore, summary judgment was not properly granted on this issue.

Unreasonable Risk of Harm

In its reasons for judgment, the trial court stated that “after hearing argument and considering the offerings of evidence, the court is of the opinion that ... the road did not pose an unreasonable risk of harm.” The determination of whether a condition of a roadway is dangerous and hazardous is a factual one. Holt, supra. See also Johnson v. Black & Decker U.S., Inc., 29,996 (La.App.2d Cir.10/3/97), 701 So.2d 1360, writ denied, 97-2971 (La.2/6/98), 709 So.2d 741; Taylor v. American Laundry Machinery, Inc., 27,121 (La.App.2d Cir.6/23/95), 658 So.2d 288, writ denied, 95-1877 (La.11/3/95), 661 So.2d 1385.
The evidence reveals a factual issue with respect to the condition of Parish Road 221. In particular, Trooper Houck’s testimony creates a genuine issue of material fact as to whether Parish Road 221 presented an unreasonable risk of harm. Summary judgment on this issue was not appropriate.

Notice of Defective Condition

Finally, the Police Jury asserts that there is no evidence that it had either actual or constructive knowledge of any defective condition on Parish Road 221. A review of the record, however, reveals evidence that Parish Road 221 had been in the same condition for a long period of time prior to the accident. In Hammons v. City of Tallulah, 30,091 (La.App.2d Cir.12/10/97), 705 So.2d 276, writ denied, 98-0820 (La.5/8/98), 719 So.2d 53, we held that constructive knowledge of a hazardous condition sufficient to allow recovery against a public body may be based on facts demonstrating that the defective condition had existed for such a period of time that it should have been discovered and repaired if the public body had exercised reasonable care. Factual issues exist regarding the notice issue in this case which must be determined by the trier of fact rather than by the trial court on summary judgment.

DECREE

For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of the Jackson Parish Police Jury is reversed and the case is remanded to the trial court. Costs in the amount of $5,191.47 are cast to the Police Jury. La. R.S. 13:5112(A).
REVERSED AND REMANDED.

. On August 5, 1999, the Police Jury filed with this court a "Motion to Strike Portions of Appellants' Original Brief” ("motion to strike”) seeking to have stricken from the record several excerpts from Trooper Houck's deposition on which Third Party Plaintiffs relied in their opposition to the Police Jury’s motion for summary judgment. The excerpts concern the condition of Parish Road 221. The Police Jury argues that, because the excerpts were not offered or filed into evidence at the hearing on the motion for summary judgment and were merely attached as addenda to Third Party Plaintiffs’ opposition brief, the excerpts were not properly before the trial court. This court denied the motion to strike, stating that the issue would be examined by the panel assigned to hear the appeal.
La. C.C.P. art. 966 directs the trial court to consider depositions when deciding a motion for summary judgment. In McNeer Elec. Contracting, Inc. v. CRL, Inc., 621 So.2d 99 (La.App. 2d Cir. 1993), this court held that, under such circumstances, depositions need not be formally introduced into evidence. See also Succession of Crowe v. Henry, 602 So.2d 243 (La.App. 2d Cir.1992). In this case, the deposition testimony was filed into the record as an addendum to Third Party Plaintiffs’ brief opposing the motion for summary judgment. We conclude, therefore, that the deposition excerpts were properly before the trial court on the motion for summary judgment and are also properly in the record on appeal.