GREG GRIFFIN
v.
SHOP-A-LOTT, INC., ET AL.
No. 07-574.
Court of Appeal of Louisiana, Third Circuit.
October 31, 2007
NOT DESIGNATED FOR PUBLICATION.
WILLIAM D. DYESS, The Dyess Law Firm Counsel for Plaintiff/Appellant, Greg Griffin.
SIDNEY E. COOK, Jr., MATTHEW R. MAY, MICHAEL K. LEACHMAN, Cook, Yancey, King & Galloway, Counsel for Defendant/Appellee, Shop-A-Lott, Inc.
RONALD E. CORKERN, JR., Corkern & Crews Counsel for Defendant/Appellee, State Farm Mutual Automobile Insurance Company.
FRED S. GAHAGAN, Gahagan & Gahagan, Counsel for Defendant, Christopher Russell.
ROBERT A. ROBERTSON, Allen & Gooch, Counsel for Defendant, National Automotive Insurance Company.
Court composed of AMY, SULLIVAN, GENOVESE, Judges.
SULLIVAN, Judge.
Plaintiff, Greg Griffin,[1] appeals the trial court's grant of summary judgment in favor of defendant, Shop-A-Lott, Inc., and the resulting dismissal of his claims against Shop-A-Lott.

FACTS AND PROCEDURAL HISTORY
This case arises from an automobile accident that occurred on September 13, 2003, at approximately 11:45 p.m., as Mr. Griffin was pulling out of the Shop-A-Lott convenience store located on Keyser Avenue in Natchitoches, Louisiana. Mr. Griffin had been traveling west on Keyser Avenue, accompanied by his father, when he stopped at the Shop-A-Lott to clean the windshield of his Ford F-150 pickup truck. After cleaning his windshield, Mr. Griffin attempted to re-enter Keyser Avenue by turning left out of the parking lot. As he did so, his truck was struck on the left side by a vehicle operated by Christopher Russell. Mr. Griffin was taken to the hospital and released that same night.
On September 13, 2004, Mr. Griffin filed suit against Mr. Russell, Shop-AL-ott, their insurers, and the insurer of his father's truck that he was driving on the night of the accident. Mr. Griffin alleged that his view of oncoming traffic was obstructed or blocked by several advertising signs on the Shop-A-Lott property as he was exiting the Shop-A-Lott. He further alleged that the negligent placement of those signs was the proximate cause of the accident.
Shop-A-Lott filed a Motion for Summary Judgment on March 17, 2006, claiming that Mr. Griffin's claims against it should be dismissed because it did not owe a duty to Mr. Griffin with respect to placement of the signs because it did not own the signs nor was it responsible for their placement. Shop-A-Lott claimed that summary judgment in its favor was also warranted because the signs had no causal connection to this accident as they were placed at least thirty feet away from Keyser Avenue.
Shop-A-Lott attached to its motion Mr. Griffin's deposition and an affidavit of Luther W. "Buddy" Lott, the owner of the Shop-A-Lott, along with a drawing Mr. Lott made after measuring relevant distances at the Shop-A-Lott property. Attached to Mr. Lott's affidavit were several photos taken by him after notification of Mr. Griffin's lawsuit, as well as several photos taken by Mr. Griffin the morning after the accident, which Mr. Lott reviewed before executing his affidavit.
Mr. Griffin filed a Memorandum in Opposition to Shop-A-Lott's Motion for Summary Judgment, arguing that Shop-A-Lott had not met its burden of proof on summary judgment because a material issue of fact remained as to whether Shop-AL-ott had negligently placed or negligently allowed the owners of the signs to place the signs which Mr. Griffin alleges obstructed his view thus causing the accident. Mr. Griffin further claimed that additional discovery was needed before Shop-AL-ott's summary judgment motion could be heard. Mr. Griffin attached a copy of his deposition to his opposition.
Shop-A-Lott's Motion for Summary Judgment was originally set for hearing on April 25, 2006. Mr. Griffin filed a motion to continue, asserting that he needed time to conduct additional discovery. The trial court rescheduled the matter for June 27, 2006. The hearing took place as scheduled, and the trial court took the matter under advisement.
Written Reasons for Judgment were signed by the trial court on July 14, 2006.[2] The trial court rendered Judgment on August 28, 2006, granting summary judgment in favor of Shop-A-Lott and dismissing Mr. Griffin's claims against it with prejudice at Mr. Griffin's costs.
It is from this Judgment that Mr. Griffin appeals, asserting as his sole assignment of error:
The [t]rial [c]ourt erred in granting a Motion for Summary Judgment to Shop-A-Lott on the issue of liability and/or fault in the cause or contributing cause of the accident by the placing or allowing of the placing of advertising signs which obstruct the view of motorists leaving the convenience store owned by Shop-A-Lott.

LAW

Summary Judgment Standard
It is well settled that appellate courts review summary judgments de novo, using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Supreme Servs. & Specialty Co., Inc. v. Sonny Greer, Inc., 06-1827 (La. 5/22/07), 958 So.2d 634. A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). Summary judgment is favored and shall be construed "to secure the just, speedy, and inexpensive determination of every action . . . ." La.Code Civ.P. art. 966(A)(2).
The burden of proof remains with the mover to show that no genuine issue of material fact exists. However, if the mover will not bear the burden of proof at trial, he need not negate all essential elements of the adverse party's claim, but rather he must point out that there is an absence of factual support for one or more elements essential to the claim. La.Code Civ.P. art. 966(C)(2). Once the mover has met his initial burden of proof, the burden shifts to the non-moving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. Id.
When a properly supported motion for summary judgment is made, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits, depositions, or answers to interrogatories, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. La.Code Civ.P. art. 967(A) & (B); Young v. Mobley, 05-547 (La.App. 3 Cir. 3/1/06), 923 So.2d 917.
The presence of a factual issue will not always defeat summary judgment. Bradford v. La. Downs, Inc., 606 So.2d 1370 (La.App. 2 Cir. 1992). If the mover shows that he is entitled to judgment as a matter of law, a factual issue immaterial to his position will not defeat his motion for summary judgment. Id.

Liability
Under Louisiana jurisprudence, negligence cases are generally resolved by employing a duty/risk analysis. The determination of liability under the duty/risk analysis requires proof of five separate elements: (1) that the defendant had a duty to conform his conduct to a specific standard; (2) that the defendant's conduct failed to conform to the appropriate standard; (3) that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (4) that the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages. A negative answer to any of the five inquiries of the duty/risk analysis results in a determination of no liability. La Pac Mfg., Inc. v. TCM Mfg., Inc., 06-748 (La.App. 3 Cir. 12/6/06), 944 So.2d 831, writ denied, 07-42 (La. 3/9/07), 949 So.2d 445.

ANALYSIS
Mr. Griffin asserts that Shop-A-Lott's placing or its having allowed the placing of advertising signs on its property caused or contributed to the cause of the accident at issue because the signs obstructed his view of oncoming traffic as he exited the store's parking lot. He claims that Shop-A-Lott had a duty to prevent the sight obstructions and that Shop-A-Lott had the right to remove the obstructions even if their employees had not placed the signs.
Mr. Griffin directs this court's attention to Ford v. State Department of Transportation & Development, 99-1297 (La.App. 3 Cir. 4/12/00), 760 So.2d 478, writ denied, 00-1935 (La. 9/27/00), 769 So.2d 1214, writs denied, 00-1864, 00-1938 (La. 9/29/00), 770 So.2d 350, 770 So.2d 352, which he claims stands for the proposition that landowners do, in fact, have a duty to prevent sight obstructions such as the ones alleged to have caused this accident.
Shop-A-Lott counters that the trial court correctly granted summary judgment in its favor because it met its burden of proving that the placement of the signs had no causal connection to Mr. Griffin's accident.
We begin our review by examining the Reasons for Judgment issued by the trial court. Those reasons provide, in pertinent part:
In this case the movant, Shop-A-Lott, Inc., is not the party bearing the burden of proof at trial. Plaintiff is. Therefore, Article 966C(2) must be applied.
In its motion, defendant makes two essential arguments:
(1) The signs at issue did not obstruct plaintiff's view of oncoming traffic if he stopped his vehicle at the appropriate location before entering Keyser Avenue. (2) [E]ven if the signs did wrongly obstruct his view, they were placed there by vendors selling to Shop-AL-ott, Inc.
Attached to defendant's motion was an affidavit by Luther W. "Buddy" Lott, President of Shop-A-Lott, Inc. In the affidavit he said that he measured the relevant distances at the scene and attached a drawing showing those measurements.
The drawing shows that there are two feet between the fogline marking the southern edge of Keyser Avenue and the sidewalk. The sidewalk is 6½ feet wide. According to the drawing, there are thirty-one feet from the sidewalk to the concrete curb of the parking area in front of the store.
The ground between the sidewalk and this curb is grassy and unpaved.
So, according to the drawing, the distance between the fogline of Keyser Avenue and the concrete curb is forty and one-half feet across the grassy area and thirty-nine and a half feet through the driveway the plaintiff's vehicle exited.
The [Griffins] returned to the scene after the accident and took photos of the signs between the gas pumps and the highway that plaintiff alleges obstructed his view. The photos are attached to defendant's motion.
The four signs are all seated on the ground. There is an Icee sign on the concrete between the grass and the gas pumps, which would put it thirty-nine to forty feet plus from the edge of the highway.
The next sign in the photos is a Winston sign, located immediately adjacent to the concrete curb on the grass. The width of the sign is unknown, but it is clearly no more than a few feet, placing it at probably thirty-five feet or more from the edge of the highway.
The next sign is a Coca Cola advertisement that is no greater in size than the Winston sign.
The last sign in the photos is a Malboro ad, appearing to be about the same size as the Winston sign. The drawing places it at nine feet from the curb, or thirty to thirty-one feet from the highway.
Mr. Lott took his own photos, and they show a State of Louisiana Motor Vehicle Inspection Station sign on a metal post about ten feet beyond that, or about twenty feet from the edge of the highway. Plaintiff did not provide a photo of that sign, and so it is assumed that he did not consider it a sight obstruction of oncoming traffic, or it was not there on the date of the accident.
It is unknown how high the signs at issue were, and from what height plaintiff's photos were taken.
Accordingly, the drawing indicates that plaintiff had thirty plus unobstructed feet within which to look for oncoming traffic before entering the highway.
Under C(2) of Article 966, defendant has shown that there is an absence of factual support for plaintiff's claim that the signs obstructed his view of oncoming traffic. This requires plaintiff to produce factual support that he will be able to meet his evidentiary burden at trial. He has not done so.
The court is unaware of any law that prohibit its [sic] line of sight obstructions so far back from a highway. There was more than sufficient space for plaintiff's truck to approach the sidewalk and then the edge of the highway, stop, and for plaintiff to have an unobstructed view of oncoming traffic.
On this question there is no genuine issue of material fact, and the motion is accordingly granted.
We have conducted a de novo review of Shop-A-Lott's motion for summary judgment. This being a negligence case, one of the elements that Mr. Griffin will have to prove at trial is that Shop-A-Lott's conduct caused him damages. We find that Shop-A-Lott met its initial burden of proving that the signs in question could not have obstructed Mr. Griffin's view of oncoming traffic if he was stopped at the proper location to enter Keyser Avenue. Once Shop-A-Lott showed an absence of factual support for Mr. Griffin's claim of causation, the burden shifted to Mr. Griffin to produce factual support for his claim that the signs did obstruct his view, thus causing or contributing to the cause of the accident. Mr. Griffin could not simply rely on the mere allegations of his pleadings. He was required to respond to Shop-A-Lott's motion with affidavits or other proof setting forth specific facts showing that there was a genuine issue of material fact for trial. He did not do so. Likewise, he did not produce any affidavits challenging the information presented in Mr. Lott's affidavit upon which the trial court relied in making its ruling. Accordingly, the trial court properly granted summary judgment in favor of Shop-A-Lott.
Having found that Mr. Griffin cannot prove causation, we need not decide whether a property owner such as Shop-A-Lott could ever have a duty to prevent sight obstructions from blocking the view of oncoming traffic to motorists exiting its parking lot. Nevertheless, we point out that Mr. Griffin's reliance on Ford, 760 So.2d 478, is misplaced. In Ford, the vehicle in which the plaintiff was riding was forced off the state highway by a truck and struck a tree ten feet from the edge of the roadway in the highway right-of-way. The trees in Ford were not alleged to have created a sight obstruction; rather, this court found that the trees created an unreasonable risk of harm to a motorist who, for any number of reasons, had to exit the roadway. We noted that the stretch of highway where the accident occurred contained an S-shaped curve, and that there had been at least three prior accidents at the exact location. The facts and analysis employed in Ford have no bearing on the matter at hand.

CONCLUSION
For the reasons stated, the judgment of the trial court is affirmed. All costs of this appeal are assessed to Mr. Griffin.
AFFIRMED.
NOTES
[1] Plaintiff's surname is spelled inconsistently throughout the record, either as Griffen or Griffin. In this opinion, we will refer to him as Mr. Griffin, the spelling used in his deposition.
[2] Mr. Griffin filed a Notice of Intent to Apply for Writ of Review to this court on August 20, 2006. In an unpublished opinion, this court denied writs on August 29, 2006, on the grounds that "[t]he judgment at issue in the instant writ application, upon its signing, will be an appealable judgment pursuant to La.Code Civ.P. art. 1915(A)." Griffin v. Shop-A-Lott, Inc., 06-1056 (La.App. 3 Cir. 8/29/06).