493 So.2d 677 (1986)
Thomas A. ALEXANDER, Plaintiff-Appellant,
v.
ALLSTATE INSURANCE COMPANY, et al., Defendant-Appellee.
No. 17984-CA.
Court of Appeal of Louisiana, Second Circuit.
August 20, 1986.
*678 Mayer, Smith & Roberts by Kim Hanson Lavigne, Shreveport, for plaintiff-appellant.
Nelson & Achee, Ltd. by Roland J. Achee, Shreveport, for Allstate Ins. Co.
Cook, Yancey, King & Galloway, by Sidney E. Cook, Jr., Shreveport, for Hartford Ins. Co.
Before MARVIN, JASPER E. JONES, and FRED W. JONES, JJ.
MARVIN, Judge.
The plaintiff-passenger who was injured in an automobile accident, appeals a summary judgment denying him UM coverage under the liability policy which insured his host-driver. Plaintiff contends that the law of the policy requires that the insurer endorse the policy to delete UM coverage after the policy becomes effective even where the insured later rejected the coverage in writing as the statute contemplates.
We disagree with plaintiff's contention and affirm. LRS 22:628; 1406(D)(1)(a); A.I.U. Ins. Co. v. Roberts, 404 So.2d 948 (La. 1981); Tapia v. Ham, 480 So.2d.855 (La. App. 2d Cir.1985); International Ins. Co. v. Masur, 404 So.2d 1313 (La. App. 2d Cir.1981), writ denied.
Hartford Accident & Indemnity Company issued the policy in question on April 1, 1982, to provide liability insurance on 119 vehicles owned by the Caddo Sheriff. The policy itself did not provide UM coverage. On July 23, 1982, the sheriff signed a Hartford form, SUPPLEMENTAL APPLICATION-UNINSURED MOTORIST COVERAGE, stating, "I reject Uninsured Motorist Coverage totally for liability or bodily injury..." The accident involving a sheriff's vehicle in which plaintiff was a passenger occurred October 17, 1982.
Plaintiff concedes that the written rejection of UM coverage is all that is required by the statute, but argues that the written rejection is ineffective because Hartford did not do what its policy requires, that is, endorse the policy. The policy provision upon which plaintiff relies states:
[The terms of this policy] may not be changed or waived except by endorsement issued by [the insurer].
UM coverage is a creation of the statute, not of the policy. The statute contemplates a rejection or selection of lower limits by the insured and does not contemplate any action or approval of the insurer. The policy provision, tracking § 628, requires the insurer, and not the insured, to effect, by endorsement, a change or waiver in the terms of the policy. To reach the result that plaintiff would have us reach we would have to insert the underlined words in the policy provision:
The terms of this policy and of any coverage afforded the insured at any time by any statute that is applicable to this policy may not be changed or waived except by endorsement issued by the insurer.
We interpret the phrase, the terms [of this policy], to mean the written terms of the policy. The terms of the policy do not provide UM coverage and the later rejection of UM coverage by the insured did not change, waive, or delete a single word of the policy. The statute (§ 1406) does not envision a change, a waiver, or a deletion of the policy as the privilege of the insurer, but provides that the insured alone may reject, or select lower limits of, that which is statutorily provided him.
The law of the statute imposes the UM coverage notwithstanding the policy language, the intent of the parties, or the presence or absence of a premium charge or payment. Tapia, Masur, supra. The law of the statute provides a means by which the insured, unilaterally and without approval of the insurer, may elect to either reject or select lower limits of the statutory UM coverage. That election may occur after the policy becomes effective but the insured's election operates only prospectively. The law of the policy provides that the insurer, and not the insured, must endorse *679 the policy to change or effect a waiver of any of the written terms of the policy. LRS 22:1406 is a special statute to which the endorsement requirement of § 628 does not apply. A.I.U. Ins. Co., supra. Similarly, we hold that the endorsement requirement of this policy is not necessary to accomplish the insured's written rejection of UM coverage in the manner directed by § 1406.
Notwithstanding that some cases contain some language to the arguable effect that UM coverage will be read into or become a part of the terms or the coverage of the policy, that language does not change our interpretation that the insurer's endorsement of the policy to effectuate a written rejection by the insured of UM coverage is not required either by the law of the policy or by §§ 628 and 1406 of LRS Title 22.
At appellant's cost, summary judgment is affirmed.