KLIEBERT, Judge,
dissenting.
I respectfully dissent from the majority opinion.
In response to a request for production of documents, Employers Insurance of Wausau (hereafter Wausau) on November 5, 1985 produced a copy of Policy No. 1424 02 081682 issued to Mid-South Bottling with effective dates of coverage from 2/1/83 to 2/1/84. That policy provided $500,000 of coverage under its liability provisions (defense exhibit # 6, exhibits record p. 349). By Endorsement No. 3 dated April 27,1983, the policy also provided uninsured motorist coverage with limits of $5/$10,000 on commercial units and $500,000 on private passenger vehicles, pick-ups and vans (defense exhibit # 6, exhibits record p. 355). The Mid-South vehicle involved in the December 23, 1983 accident was a pickup truck. On May 6, 1986, the morning the case was set for trial, Wausau sought to amend its previous response of November 15, 1985 to include Endorsement No. 20 (defense exhibit # 6, exhibits record p. 389). The endorsement was dated December 19, 1985 (subsequent to the date of the accident sued on) and would reduce the uninsured motorist coverage on all Mid-South vehicles to $50,000 effective on the date the policy was issued, February 1, 1983.
Wausau contended the applicable limits of uninsured motorist coverage at the time of the accident was $50,000 (the limits shown by Endorsement No. 20) rather than *729 those shown by Endorsement No. 3 ($500,-000) because on September 9, 1983 (before the accident) a Mid-South executive signed an uninsured motorist coverage waiver (defense exhibit #9, exhibits record p. 473) which was to be effective as of the issuance date of the policy, i.e., February 1, 1983. According to Mid-South and Wau-sau, the waiver form had been signed but through clerical error the company failed to follow through with an endorsement.
At the trial, plaintiff contended the issue of U/M coverage was a factual one and urged a referral of the question to the jury. In oral argument counsel for the plaintiff argued the insurer’s contention the policy limits were $50,000 instead of $500,000, as reflected by the policy, was a bogus one and an effort to defraud plaintiff. In answer to an interrogatory the jury stated the U/M policy limits were $500,000.
The majority concluded that Wausau proved by a preponderance of the evidence that Mid-South selected the lower limits of $50,000 and hence reverse the jury finding. The majority concluded the “signed waiver ” allegedly contained in the insurer’s file was sufficient to lower the limits of the policy from $500,000 to $50,000. In so doing, it reasoned that in view of the provisions of LSA-R.S. 22:1406 D(1)(a) the policy did not have to be endorsed to lower the previously selected uninsured motorist limits of $500,000. I disagree.
True, the statute provides for the write-in of U/M coverage at the same limits as the liability provisions where the policy is silent as to the uninsured motorist coverage and the insured has not rejected this coverage or selected lower limits. However, this is not the situation here.
The majority quotes from Alexander v. All State Insurance Co., 493 So.2d 677 (2nd Cir.1986) and approves its holding, noting that it may be distinguishable from the case before us because the Alexander policy had no U/M provisions. I too approve the Alexander holding but find the distinction evident and critical to a resolution of this matter.
The policy at issue was not the standard automobile owner’s public liability policy. It was a totally negotiated policy containing some fourteen endorsements changing the general policy provisions. More specifically, it had been endorsed to provide U/M coverage at the same limits as those provided for under the liability provisions insofar as the vehicle involved in the accident was concerned. Since the insurance policy itself provided for U/M coverage the write-in coverage provided for by LSA-R.S. 22:1406 is not applicable. Once issued and endorsed to provide coverage equal to the liability limits, the policy could only be altered pursuant to the endorsement requirement of LSA-R.S. 22:628[1] and the policy provision which states: “[t]his policy contains all the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us.” (defense exhibit # 6, exhibits record p. 393)
Contrary to the situation in the Alexander case, supra, where “the later rejection of U/M coverage by the insured did not *730 change, waive, or delete a single word of the policy” here the waiver changes the stated limits of the policy contained in Endorsement No, 3.
For the reasons above stated, I would affirm the judgment of the trial court against Wausau in the amount of $400,000.
LIMITED REHEARING GRANTED:
Employers’ Insurance of Wausau moves this court for a rehearing limited to the issue of its entitlement to credits for amounts previously paid to Ralph M. Ba-deaux by the tortfeasor’s insurer and by workers’ compensation insurance. It argues that it is entitled to a credit for only its policy limits of $50,000.00 previously paid to Badreaux and not to any other credit. We agree and so amend our decree.
AMENDED DECREE
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, Ralph Badeaux, and against Employers’ Insurance of Wausau in the amount of FIFTY THOUSAND AND NO/100 DOLLARS ($50,000.00), interest, and all costs of this proceeding.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant, Employers’ Insurance of Wausau, be and it is hereby entitled to a credit in the amount of FIFTY THOUSAND AND NO/100 DOLLARS ($50,000.00) for its payment to Ralph Badeaux in that amount.

. § 628. Must contain entire contract with exceptions
No agreement in conflict with, modifying, or extending the coverage of any contract of insurance shall be valid unless it is in writing and physically made a part of the policy or other written evidence of insurance, or it is incorporated in the policy or other written evidence of insurance by specific reference to another policy or written evidence of insurance. This Section shall not apply to contacts as provided in Part XV of this Chapter. [Standard Fire Policy]
The provisions of this Section shall apply where a policy or other written evidence of insurance is coupled by specific reference with another policy or written evidence of insurance in existence as of the effective date hereof or issued thereafter.
Any written agreement in conflict with, modifying, or extending the coverage of any contract of insurance shall be deemed to be physically made a part of a policy or other written evidence of insurance, within the meaning of this section, whenever such written agreement makes reference to such policy or evidence of insurance and is sent to the holder of such policy or evidence of insurance by United States mail, postage prepaid, at such holder's last known address as shown on such policy or evidence of insurance or is personally delivered to such holder.
Amended by Acts 1979, No. 368, § 1, eff. July 10, 1979.