577 So.2d 299 (1991)
Lionel J. HICKS, Sr.
v.
J.W. SOMERS, et al.
No. 90-CA-0985.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1991.
Writ Denied May 24, 1991.
Richard S. Vale, Virgil A. Lacy, III, Blue, Williams & Buckley, Metairie, for defendant/appellant, Fireman's Fund Ins. Co.
Michael R. Sistrunk, Terrill W. Boykin, McGlinchey, Stafford, Cellini & Lang, New Orleans, for defendant/appellee, Aetna Life Ins. Co.
Before BARRY, CIACCIO and ARMSTRONG, JJ.
BARRY, Judge.
Lionel Hicks, Sr., a Slidell policeman, was injured on May 6, 1984 when his police car was hit by a vehicle driven by Clifford *300 Rupert. Hicks sued Rupert's insurer, State Farm Mutual Automobile Insurance Company, Aetna Insurance Company, the liability insurer for the City of Slidell, and Fireman's Fund Insurance Company, insurer of school buses operated by the St. Tammany Parish School Board. Hicks was a named insured under the School Board's policy.
Hicks alleged that his damages exceeded Rupert's liability coverage and that Aetna and Fireman's Fund were liable for his underinsured claims.
Aetna's policy, issued on July 12, 1983, covered approximately 150 vehicles owned by the City and provided liability coverage of $500,000 per occurrence. On September 2, 1983 Stephen Buser, executive assistant to the Mayor of Slidell, executed a statutorily valid waiver of U/M coverage. Fireman's Fund does not question the waiver.
After the waiver the Mayor of Slidell decided to carry U/M coverage on the cars that he and the Chief of Police used. On November 3, 1983 Aetna issued Endorsements 21 and 22 to provide $500,000 U/M coverage on "units # 69 & 137." The policy identifies units 69 and 137 as 1983 Buick Electras used by the Mayor and Police Chief. On the form which contains Endorsements 21 and 22 is an unexecuted U/M waiver form dated November 11, 1983 indicating that U/M coverage is provided in the amount of "$500,000 CSL" (combined single limit). The form is identical to the one executed by the City when it waived U/M coverage. The City could have used the uncompleted form to select lower or higher limits of U/M coverage on units 69 and 137 or to reject U/M coverage for those vehicles. Aetna admits that the form was not necessary to Endorsements 21 and 22 and concedes it was probably included by accident.
State Farm tendered its policy limit of $25,000 and was dismissed. Aetna moved for summary judgment claiming it was not liable for U/M coverage because of the City's waiver. Hicks and Fireman's Fund filed a joint opposition to the motion for summary judgment; however, Hicks withdrew his opposition. The trial court granted summary judgment and dismissed Aetna. Fireman's Fund appeals, arguing that the unexecuted waiver form reinstated U/M coverage on all of the City's vehicles.
The parties agree that if the City did not waive U/M coverage the Aetna policy is contractually and statutorily primary to Fireman's Fund's policy because Aetna insured the vehicle Hicks was driving. La. R.S. 22:1406D.

EXCEPTION OF NO RIGHT OF ACTION
Prior to submission of the appeal, Aetna raised an exception of no cause of action charging that Fireman's Fund has no standing to attack the summary judgment. Aetna argues that Fireman's Fund has no independent right of action as to Aetna's contractual obligation to its insured and should be limited to raising those issues at trial.
We disagree.
Any party to a suit may appeal to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court. C.C.P. Art. 2082, Comment (C). Andrade v. Shiers, 516 So.2d 1192 (La.App. 2d Cir.1987), reversed in part on other grounds, 564 So.2d 787 (La.App. 2d Cir.1990), writ denied 567 So.2d 1128 (La. 1990).
Fireman's Fund's potential liability is directly related to Aetna's obligation to provide U/M coverage.
Fireman's Fund does not have to be able to assert an independent right of action against Aetna in order to challenge the summary judgment.

WAIVER OF U/M COVERAGE
At issue is whether the blank U/M waiver vitiates the City's prior expressed rejection of U/M coverage.
Each endorsement became part of the policy at the time it was executed. Ledoux v. Old Republic Life Ins. Co., 233 So.2d 731 (La.App. 3rd Cir.1970), writ refused, 256 La. 372, 236 So.2d 501 (1979). The endorsements are chronological according *301 to their date of execution. Endorsements 21 and 22 reinstated U/M coverage effective November 3, 1983 on two specific vehicles. Aetna's coverage, which consists of the original July 12, 1983 policy and Endorsements 1 through 22, provided $500,000 liability coverage on all City vehicles and $500,000 U/M coverage on the Mayor's and Police Chief's cars.
At that time R.S. 22:1406D(1)(a) provided in pertinent part that U/M coverage did not apply "where any insured named in the policy shall reject in writing the coverage or selects lower limits. Such coverage need not be provided in or supplemental to a renewal or substitute policy where the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer."
Fireman's Fund correctly points out that reinstatement of U/M coverage need not be signed by the insured to be effective. Only a rejection or selection of lower U/M limits must be executed by the insured. R.S. 22:1406D(1)(a).
R.S. 22:628 provides in pertinent part:
No agreement in conflict with, modifying, or extending the coverage of any contract of insurance shall be valid unless it is in writing and physically made a part of the policy....
U/M coverage specifically applied to the Mayor's and Police Chief's cars. The waiver form would have allowed the City to increase, lower or waive U/M coverage on those two vehicles. It had no effect on the remainder of the policy.
While we view the policy and endorsements as clear and unambiguous, the deposition testimony leaves no doubt that all parties understood that U/M coverage was not intended on any vehicle other than the Mayor's and Police Chief's cars. The policy and endorsements do not provide U/M coverage on any City vehicle except units 69 and 137. Nevertheless, even if we concluded that the policy provisions were ambiguous we would reach the same result. Parol evidence is admissible to establish circumstances surrounding the rejection or selection of lower limits of U/M coverage. Bird v. Daniels, 508 So.2d 611 (La.App. 2d Cir.1987), writs denied, 513 So.2d 825 (La. 1987) and 513 So.2d 828 (La.1987); Cheadle v. Francois, 470 So.2d 255 (La.App. 4th Cir.1985), (Barry, J., concurring). The deposition testimony leaves no doubt that all parties understood that U/M coverage was not intended on any vehicle other than the Mayor's and Police Chief's cars.
Fireman's Fund's reliance on Roger v. Estate of Moulton, 513 So.2d 1126 (La. 1987) is misplaced. Unlike this case, Roger concerned a prospective rejection of U/M coverage which did not comply with R.S. 22:1406D(1)(a).
According to Roger, the object of U/M coverage is "to promote recovery of damages for innocent automobile accident victims... when the tortfeasor is without insurance, and as additional or excess coverage when he is inadequately insured." Roger, 513 So.2d at 1130. Those public policy considerations do not apply where the beneficiary is another insurer.
The judgment is affirmed.
AFFIRMED.