653 So.2d 194 (1995)
Jackie WEST and Lana West, Plaintiffs
v.
LOUISIANA INDEMNITY COMPANY, Welch Nichols Agency, Inc., Patterson Agency, Inc. and American Agency, Inc., Defendants.
No. 26845-CA.
Court of Appeal of Louisiana, Second Circuit.
April 5, 1995.
Law Offices of Jack M. Bailey, Jr. by Jack M. Bailey, Jr., J. Allen Cooper, Jr., and Cook, Yancey, King & Galloway by Brian A. Homza and Timothy B. Burnham, Shreveport, for appellants.
Casten & Pearce by Theodore J. Casten and Ronald F. Lattier, Shreveport, for appellees.
Before SEXTON, HIGHTOWER and STEWART, JJ.
SEXTON, Judge.
Plaintiffs appeal a summary judgment in favor of defendant insurer, Louisiana Indemnity Co., upholding the validity of a rejection of uninsured motorist (UM) coverage. We affirm.
Lana West claimed by affidavit submitted in opposition to defendants' motion that no insurance agents discussed with her what UM coverage was, what it would provide, or that she could choose limits less than the liability limits. She alleges that this creates a genuine issue of material fact precluding summary judgment.
Plaintiffs also allege that the rejection was invalid as a matter of law. The issue in this regard is whether the trial court in granting the defendants' motion for summary judgment *195 properly held that, as a matter of law, an insurance company is not required to offer UM coverage below the statutory minimum liability limits.
Appellate courts review the granting of summary judgment de novo and use the same criteria which govern the trial court's consideration of whether summary judgment is appropriate. Under LSA-C.C.P. Art. 966, a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. Tugwell v. State Farm Insurance Co., 609 So.2d 195 (La.1992). Whether an insurance policy, as a matter of law, provides or precludes coverage is a dispute which can properly be resolved within the framework of a motion for summary judgment. Garcia v. Certified Lloyds Insurance Co., 598 So.2d 1278 (La. App. 4th Cir.1992), writ denied, 604 So.2d 969 (La.1992).
Ms. West did not contest the validity of her signature specifically rejecting UM coverage. The rejection statement in the application consisted of a single statement prominently located in the general application and set off from the general application within a delineated box. There is no indication that Ms. West was unaware of what she was signing, or that the rejection statement was completed for Ms. West by the agent. Accordingly, Henson v. Safeco Insurance Company, 585 So.2d 534 (La.1991), is distinguished. Plaintiff's first assignment of error is without merit.
In rendering summary judgment in favor of the defendants, the court followed the current statutory law under LSA-R.S. 22:406(D)(1)(a)(i), as amended by 1992 Act No. 980, and which provides in pertinent part: "In no event shall the policy limits of an uninsured motorist policy be less than the minimum limits required under R.S. 32:900." However, in the instant case, the policy was issued and the accident occurred before the above amendment. The pre-amendment statute did not contain the above sentence, but simply read, in pertinent part, as follows:
No automobile liability insurance ... shall be delivered or issued for delivery in this state ... unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles ...; provided, however, that the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing the coverage or selects lower limits.

LSA-R.S. 22:1406 D(1)(a) (emphasis supplied).
Put in simple language, the statute provided that unless the applicant rejects UM coverage or selects lower limits, he is automatically afforded UM coverage equal to the amount of liability limits of the policy.
With respect to coverage claims arising prior to the amendment, this court, and at least one other court, have held that if the applicant selects the lowest statutory limit of liability coverage and rejects UM coverage equal to the liability limits of the policy, the rejection of the UM coverage is not deficient for failing to offer UM coverage lower than the lowest statutory limits of liability coverage.
This reasoning is based on the view that an insurance company could not offer UM coverage below the statutory minimum liability limits. Garcia v. Lloyd's Insurance Company, supra. We followed this line of reasoning in Thomas v. Goodson, 26,356 (La.App. 2d Cir. 12/07/94) 647 So.2d 1192. Plaintiff relies on Tugwell v. State Farm Insurance Co., supra, which states that compliance with the statute requires that the applicant have three options: UM coverage equal to bodily injury limits in the policy, UM coverage lower than those limits, or no UM coverage. The insured in that case had purchased a personal umbrella policy with liability limits of $1,000,000.00 and signed a statement rejecting UM coverage. The policy did not offer lower limits of UM coverage. The court held that this was not a valid rejection *196 of UM coverage because the insured was not given the option to select lower UM limits.
We are still of the view expressed in Thomas v. Goodson, supra, that the requirement of the LSA-R.S. 22:1406D(1)(a) and Tugwell, supra, to offer the applicant the option to select lower UM limits applies to those instances where the liability limits selected by the applicant are greater than the statutory minimum.
For these reasons, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.