677 So.2d 530 (1996)
Doris DUGAS
v.
Gregory BENOIT, et al.
No. 95-1653.
Court of Appeal of Louisiana, Third Circuit.
May 31, 1996.
*531 Judith Zoble Gardner, Dean A. Doherty, Lafayette, for Doris Dugas.
Frederick Douglas Gatz, Jr., Lafayette, for Gregory Benoit et al.
M. Charles Brandt, Jr., Lafayette, for Mary Alexander.
Before DECUIR and GREMILLION, JJ.
WRIT GRANTED AND MADE PEREMPTORY.
The trial court erred in granting the motion for summary judgment filed on behalf of defendant-respondent, Imperial Fire and Casualty Insurance Company. Contrary to the argument advanced by plaintiff-relator, Doris Dugas, we do not find that the policy language for rejection of UM coverage is per se violative of La.R.S. 22:1406(D)(1)(a). The Louisiana Supreme Court's opinion in Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La.1992), is not dispositive of this issue as the question presented in that case was whether the UM rejection was valid in light of the fact that the insured was not given the statutorily granted right to select limits of UM coverage which would be different than the liability limits of the subject policy. In the instant case, the plaintiff had procured insurance at the lowest statutorily allowed amount. The jurisprudence in this state has held that when the insured has selected the statutory minimum amount of coverage, the insurer has no duty to make an offer of UM coverage at a lower amount since no lower amount of coverage than the statutory minimum is possible. See, for instance, West v. Louisiana Indemnity Co., 26,845 (La.App. 2 Cir. 4/5/95), 653 So.2d 194, writ denied, 95-1099 (La. 6/16/95), 655 So.2d 337.
Accordingly, in the case sub judice, the plaintiff had only two possible options: she could obtain UM coverage equal to the amount of her bodily injury coverage, or she could reject coverage. Pursuant to La.R.S. 22:1406(D)(1)(a), had plaintiff not signed the form for rejecting UM coverage, she would have automatically been provided with UM coverage in the same amount as the bodily injury coverage. Therefore, we find that the rejection form signed by the plaintiff did comply with statutory requirements.
Notwithstanding, the critical inquiry is whether, overall, the insurer placed the insured in a position to make an informed rejection of UM coverage. See Tugwell v. State Farm Ins. Co., supra, 609 So.2d 195. In this case, plaintiff asserts through affidavit, that (1) her insurance agent never mentioned nor explained to her the concept of UM coverage; (2) her insurance agent never explained to her that she had a choice to accept or reject UM coverage; and (3) she merely signed the rejection form where her agent told her to sign. Therefore, we find that plaintiff's affidavit establishes a genuine issue of material fact as to whether she had been placed in a position to make an informed choice to reject UM coverage. Thus, a trial is appropriate for a finder of fact to resolve this issue. Accordingly, the summary *532 judgment must be reversed and the case remanded for further proceedings.
AMY, J., concurs.
WOODARD and PETERS, JJ., concur in part and dissent in part for assigned reasons. The trial court erred in granting summary judgment dismissing defendant-respondent, Imperial Fire and Casualty Insurance Company. The rejection form signed by plaintiff-relator, Doris Dugas, did not comply with the statutory requirements regarding the allowance of a meaningful selection of no UM coverage or UM coverage at least equal to the limits of liability in the minimum amount which was being provided in the specific policy at issue herein. See, La.R.S. 22:1406(D)(1)(a)(i); and Banks v. Patterson Insurance Co., 94-1176 (La.App. 1 Cir. 9/14/95), 664 So.2d 127, writ denied, 95-2951 (La. 2/16/96), 667 So.2d 1052. For these reasons, we concur in the majority's opinion that the trial court's ruling dismissing Imperial Fire and Casualty Insurance Company should be reversed. However, having determined that the statutory language was legally deficient in its failure to apprise the insured of her statutorily granted rights, the question of informed consent is irrelevant.