692 So.2d 531 (1997)
Dr. Margaret LONGO, Plaintiff-Appellant,
v.
Linden J. BERCEGEAY, State Farm Mutual Automobile Insurance Company, Cigna Property and Casualty Insurance Company and State Farm Mutual Automobile Insurance Company, Defendants-Appellees.
ACADIAN AMBULANCE SERVICE, INC., Plaintiff-Appellee,
v.
STATE FARM MUTUAL AUTO INSURANCE COMPANY and Linden Bercegeay, Defendants-Appellees.
Nos. 96-1129, 96-1130.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1997.
*532 Michael Wayne Adley, Marc W. Judice, Lafayette, for Dr. Margaret Longo.
Preston D. Cloyd, James T. McManus, Lafayette, for Linden J. Bercegeay and State Farm Mut. Auto. Ins. Co.
William Carl Shockey, Jennifer Treadway Morris, Baton Rouge, for Acadian Ambulance Service, Inc.
Before DECUIR, AMY and SULLIVAN, JJ.
DECUIR, Judge.
The sole issue for review is whether a motion for summary judgment was properly granted based on a valid rejection of uninsured/underinsured motorist coverage. We affirm.

FACTUAL AND PROCEDURAL HISTORY
Dr. Margaret Longo was injured when an automobile driven by Linden Bercegeay struck the vehicle she was driving. Longo's vehicle was owned by her employer, Acadian Ambulance. In order to recover for her injuries, Longo filed suit against Bercegeay, State Farm (as Bercegeay's liability insurer and as Longo's personal UM provider), and Insurance Company of North America (INA), the liability insurer and alleged UM carrier for Acadian. State Farm also filed a cross claim against INA. In addition, Acadian filed suit against State Farm to recover workers' compensation payments. The actions were consolidated at the trial level and for appeal.
In response to these actions, INA filed a motion for summary judgment alleging that Acadian had waived UM coverage and, therefore, INA was entitled to a judgment as a matter of law that INA provided no UM coverage that would benefit Longo. The trial court granted the motion for summary judgment. Longo lodged this appeal.

DISCUSSION
On appeal Longo argues that the trial judge erred in granting summary judgment because Acadian's rejection of UM coverage was invalid. We disagree.
Uninsured motorist coverage is required under an automobile insurance policy in not less than the limits of bodily injury liability unless the named insured rejects the coverage or selects lower limits. La.R.S. 22:1406(D)(1)(a)(i). The insured is afforded three options regarding UM coverage: 1) UM coverage with limits equal to the policy's bodily injury limits, 2) UM coverage with limits lower than the policy's bodily injury limits, or 3) no UM coverage. Tugwell v. State Farm Ins. Company, 609 So.2d 195 (La.1992); Banks v. Patterson Ins. Company, 94-1176 (La.App. 1 Cir. 9/14/95), 664 So.2d 127, writ denied, 95-2951 (La.2/16/96); 667 So.2d 1052.
The rejection or selection of lower limits must be done on a form provided by the insurer and signed by the named insured or a representative. La.R.S. 22:1406(D)(1)(a)(ii). The applicant must be given an opportunity to make a meaningful selection from the options available on the form employed by the insurer. Tugwell, 609 So.2d 195. The rejection "must be expressed clearly, unambiguously and unmistakably." Henson v. Safeco Ins. Companies, 585 So.2d 534, 538 (La.1991).
The form used in the INA policy reads as follows:
*533 
Longo asserts that this is not a valid rejection under the statute because the form does not include a box or blank to choose limits equal to bodily injury liability limits. This assertion is wrong in at least four respects. First, Acadian's policy provides bodily injury liability limits of $1 million. INA's form has a box to check for $1 million in UM coverage *534 in the section of the form where the insured may select the limits they prefer.
Second, the first paragraph of INA's form clearly states that the insured is entitled by law to UM coverage at limits equal to those purchased for bodily injury liability. The form then informs the insured that he/she is entitled to choose either higher or lower limits, or that he/she may completely reject UM coverage.
Third, the first circuit recently addressed whether a rejection form must contain a box or blank for acceptance of UM coverage. Daigle v. Authement, 95-1465 (La.App. 1 Cir. 5/31/96); 676 So.2d 650, writ granted, 96-1662 (La.11/15/96); 682 So.2d 746. In Daigle, the court said:
Appellee argues that the form used by Louisiana Indemnity is misleading and invalid because it did not contain a box or blank for acceptance of UM coverage.
A UM form cannot foreclose the selection of available options including the selection of UM coverage. Banks v. Patterson Insurance Company, 664 So.2d at 129. This does not stand, though, for the proposition that all UM forms must contain a box or blank for the acceptance of UM coverage. While the applicant must be given an opportunity to make a meaningful selection from the options available, it is not necessary in all instances that this be accomplished by boxes or blanks.
Id. at 652.
The form used by INA not only made the insured aware of the legal mandate requiring UM coverage in all automobile policies, but also provided an easy format for the insured to select any amount of insurance desired or to opt out as Acadian chose to do. The UM rejection form used in the instant matter did not foreclose the option of acceptance of UM coverage. It clearly and unmistakably informed the insured that UM coverage was not only available but mandated unless rejected.
Finally, in the instant case the affidavit of the president of Acadian Ambulance clearly indicates that Acadian chose to reject UM coverage. This court as well as our brethren on the first, second, and fourth circuits have favored the use of parol evidence to establish the circumstances surrounding UM selection. See Dugas v. Benoit, 95-1653 (La.App. 3 Cir. 5/31/96); 677 So.2d 530; Anderson v. Allstate Ins. Co., 93-1102 (La.App. 1 Cir. 4/8/94); 642 So.2d 208, writ denied, 94-2400 (La.11/29/94); 646 So.2d 404; Young v. Shelter Ins. Co., 604 So.2d 199 (La.App. 2 Cir.), writ denied, 607 So.2d 559 (La.1992); Hicks v. Somers, 577 So.2d 299 (La.App. 4 Cir.), writ denied, 580 So.2d 671 (La.1991).
Longo's reliance on our opinion in Holbrook v. Holliday, 93-1639 (La.App. 3 Cir. 6/1/94); 640 So.2d 804, writ denied, 94-1735 (La.10/7/94); 644 So.2d 642, is also misplaced. In Holbrook, we held that a State Farm UM rejection form was invalid because the language notifying the insured of his right to UM coverage was unclear and did not place the insured in a position to make a "meaningful" selection from the options provided by law as required by Tugwell, 609 So.2d 195. Furthermore, the Holbrook case also involved some confusion over whether the insured understood that a rejection as to one vehicle on a policy was effective as to a subsequently purchased vehicle on the same policy.
This case involves no such confusion. Furthermore, the language of the form in this case clearly states the coverage mandated by law and notifies the insured of his/her options. In fact, the form at issue here gives the insured two opportunities to select the legally mandated coverage. The insured may do nothing and receive the mandated coverage or the insured may select coverage at the mandated level or various other levels.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to plaintiff-appellant, Dr. Margaret Longo.
AFFIRMED.