697 So.2d 662 (1997)
Pearl L. MIXON, Plaintiff-Appellant,
v.
PROGRESSIVE SPECIALTY COMPANY, Defendant-Appellee.
No. 29698-CA.
Court of Appeal of Louisiana, Second Circuit.
June 18, 1997.
J. Patrick Hennessy, Shreveport, for Plaintiff-Appellant.
Kenneth Mascagni, Shreveport, for Defendant-Appellee.
Before WILLIAMS, STEWART and PEATROSS, JJ.
*663 WILLIAMS, Judge.
Plaintiff, Pearl L. Mixon, appeals the trial court's grant of summary judgment in favor of the defendant, Progressive Specialty Company.[1] For the reasons expressed herein, we affirm the trial court's judgment.

FACTS
Plaintiff signed a waiver of uninsured motorist ("UM") coverage on January 21, 1993, when she purchased insurance from the defendant for a 1985 Chevrolet Caprice. In December 1994, plaintiff was injured when the insured vehicle was struck by a Ford pickup truck driven by an unauthorized driver. Plaintiff notified the defendant of the accident and claimed UM coverage existed for the losses she sustained in the accident. Defendant denied coverage based on the waiver of coverage signed by plaintiff when she purchased her liability insurance policy. In response, plaintiff filed the instant lawsuit, alleging that the waiver was invalid, and that the defendant had violated the provisions of LSA-R.S. 22:1220 and LSA-R.S. 22:658.[2]
Defendant filed a motion for summary judgment, contending that the plaintiff had validly waived UM coverage. After a hearing, the trial court granted defendant's motion. Plaintiff appeals.

DISCUSSION
Although plaintiff admits signing the waiver of UM coverage form, she contends her waiver of coverage is invalid for several reasons. Plaintiff argues the waiver form is invalid because it is contained within the insurance policy and not on a separate form. She also challenges the validity of the waiver because it only offers the applicant the option of rejecting coverage. Finally, plaintiff contends that because the record is devoid of any evidence that describes the manner in which her options were explained to her, there is insufficient evidence to find a knowing rejection of UM coverage as a matter of law.
The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action allowed by law. NAB v. Willamette Industries, Inc., 28,555 (La.App.2d Cir. 8/21/96), 679 So.2d 477. Summary judgment is favored under LSA-C.C.P. Art. 966(A)(2). Orillion v. Allstate Ins. Co., 96-1131 (La.App. 1st Cir. 2/14/97), 690 So.2d 846. Whether, as a matter of law, an insurance policy provides or precludes coverage to a party can be properly resolved within the framework of a motion for summary judgment. Thomas v. Goodson, 26,356 (La.App.2d Cir. 12/7/94), 647 So.2d 1192.
A motion for summary judgment should only be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Tugwell v. State Farm Insurance Co., 609 So.2d 195 (La.1992). When reviewing the grant of a motion for summary judgment, the appellate court should review the record de novo, under the same criteria that governed the trial court's consideration of whether the summary judgment was appropriate. Tugwell v. State Farm Insurance Co., supra; West v. Louisiana Indemnity Company, 26,845 (La.App.2d Cir. 4/5/95), 653 So.2d 194, writ denied, 655 So.2d 337; Thomas v. Goodson, supra.
Once the moving party has shown that there are no genuine issues of material fact, the burden shifts to the nonmoving party to present evidence demonstrating that factual issues remain. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.7/5/94), 639 So.2d 730. An adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing a genuine issue of material fact. If he does not so respond, summary *664 judgment, if appropriate, shall be rendered against him. LSA-C.C.P. Art. 967; NAB v. Willamette Industries, Inc., supra.
LSA-R.S. 22:1406 provides that every automobile liability insurance policy issued or delivered in Louisiana shall provide UM coverage in not less than the bodily injury limits of the policy, unless the insured named in the policy shall reject the coverage in writing or selects lower limits. The purpose of UM legislation is to promote full recovery for innocent automobile accident victims by making UM coverage available for their benefit. The statute is to be liberally construed and statutory exceptions to coverage are to be strictly interpreted. Any exclusion from coverage in an insurance policy must be clear and unmistakable. The insurer bears the burden of proving any insured named in the policy rejected, in writing, UM coverage equal to bodily injury limits or selected lower limits. Tugwell v. State Farm Insurance Co., supra.
The Louisiana Supreme Court has interpreted LSA-R.S. 22:1406 to mean that the form used by the insurance company for rejection of UM coverage must give the applicant the opportunity to make a meaningful selection from the following options provided by statute: (1) UM coverage equal to bodily injury limits in the policy; (2) UM coverage lower than bodily injury limits in the policy; (3) no UM coverage. Tugwell v. State Farm Insurance Co., supra. When the insurance policy is written for an amount of bodily injury coverage equal to the statutory minimum amount of coverage allowed by this state's law, the insurer does not have to offer UM coverage lower than the bodily injury limits in the policy. West v. Louisiana Indemnity Co., supra. A form containing a waiver of UM coverage does not have to have an additional space for acceptance of the coverage as long as it advises the applicant that if she does nothing, UM coverage will be provided. See Daigle v. Authement, 96-1662 (La.4/8/97), 691 So.2d 1213.
In the present case, the insurance application, which was an application for the statutory minimum amount of bodily injury coverage, contained the following waiver of UM coverage:
Agreement Waiving/Reducing Uninsured Motorist Coverage
Act 154 of the 1974 Louisiana Legislature requires that as of July 31, 1974, all automobile liability policies issued or delivered in this state shall afford Uninsured Motorists Coverage in amounts not less than the limits of Bodily Injury Liability provided by the policy unless the insured shall reject such coverage or select a lower limit.
I hereby reject BI/PD Uninsured Motorist Protection unless I select Limits of Liability on BI Uninsured Motorists Coverage which are lower than the Bodily Injury Liability Limits on my policy. Failure to sign will result in coverage being added or limit increased to equal Bodily Injury limits.
Applicant's signature X Pearl L. Mixon
Date 1-21-93
A fair reading of this section shows that the waiver form informed the plaintiff that the policy would provide UM coverage unless she rejected it. Because the application was for the statutory minimum amount of bodily injury coverage, defendant did not have to provide plaintiff the option of selecting UM coverage in an amount less than the bodily injury limits of the policy. It does not matter that the waiver is included in the insurance application form, since there is no requirement that the waiver be printed on a form separate from the policy. See Pine v. Doolittle, 28,141 (La.App.2d Cir. 6/26/96), 677 So.2d 686 and Thomas v. Goodson, supra (wherein UM waivers that were included in the insurance application forms were upheld). Although there was no documentation filed in support of the motion for summary judgment to show what transpired between the agent and plaintiff at the time the application for insurance was completed, or the manner in which plaintiff's options were explained to her, in absence of any allegations of fraud, duress or misconduct of the insurance agent, a person who signs a written document is presumed to know and understand what she signs. Pine v. Doolittle, supra; Thomas v. Goodson, supra. Plaintiff presented no affidavits or other competent evidence to dispute the presumption. Therefore, we must assume *665 that plaintiff knew what she was signing. On the record before us, we cannot say the trial court erred in granting summary judgment.

CONCLUSION
The trial court's summary judgment in favor of the defendant, Progressive Specialty Company, is affirmed. Costs of this appeal are assessed to the appellant, Pearl L. Mixon.
AFFIRMED.
NOTES
[1] Although the record on appeal designates the defendant as "Progressive Specialty Company," all pleadings filed indicate that the defendant's proper title is "Progressive Specialty Insurance Company."
[2] These provisions address the duty of insurers to adjust claims fairly and promptly, and specify the time limits within which insurers must take action regarding the settlement and payment of claims.