706 So.2d 588 (1998)
Joni WHITE, et al., Plaintiffs-Appellants,
v.
Richard B. SHOALMIRE, et al., Defendants-Appellees.
No. 30158-CA.
Court of Appeal of Louisiana, Second Circuit.
January 21, 1998.
*589 Byram & McCarthy by William E. Byram, Shreveport, for Plaintiffs-Appellants.
Blanchard, Walker, O'Quin & Roberts by Peter J. Rotolo, III, Shreveport, for Defendant-Appellee Travelers Insurance Company.
Before MARVIN, C.J., and NORRIS and STEWART, JJ.
MARVIN, Chief Judge.
Plaintiffs, a mother and her now adult daughter, who sought damages for the daughter's personal injuries suffered at age 15, appeal a summary judgment dismissing their UM claims against Travelers Insurance Company, who was the automobile liability insurer of the daughter's maternal grandfather, in whose household the mother and daughter resided. The trial court found the grandfather-named insured had validly rejected UM coverage. La. R.S. 22:1406.
We affirm.

DISCUSSION
The daughter was a guest passenger in her friend's automobile that collided with a train on May 23, 1994. The automobile's owner, Richard Shoalmire, and his liability carrier, State Farm, were dismissed from the action after settling with plaintiffs for State Farm's policy limits, leaving the Travelers UM issue pending.
The Travelers policy, in effect from May 11November 11, 1994, provided $500,000 of bodily injury liability coverage to the daughter's maternal grandfather, Lloyd E. White, Jr., and to family members who resided in his household. Before the accident, White had rejected UM coverage by completing and signing two "supplemental automobile application" forms, the first on May 11, 1993, the initial effective date of the policy. The second he signed on April 21, 1994, to make the liability coverage under the Travelers policy also effective on either an added or a replacement vehicle. Each form states:
Louisiana law requires that automobile policies include Uninsured Motorists Bodily Injury coverage at limits equal to the Bodily Injury Liability limits in your policy unless you select a lower limit or reject Uninsured Motorists Bodily Injury coverage entirely....
Your policy must include Uninsured Motorists Bodily Injury Coverage with limits equal to your Bodily Injury Liability unless you reject this coverage or select a lower limit....
The forms then provide the insured with two options, the first being to reject UM coverage and the second to select UM coverage at lower limits than the Bodily Injury Liability limits. On each form, White selected the first option, to reject UM coverage.
Plaintiffs' sole complaint about the content of each UM form is that it does not provide the insured with the option of affirmatively *590 choosing UM coverage in an amount equal to the policy's bodily injury liability limits. This circumstance, however, does not render the rejection of UM coverage legally defective or invalid. Daigle v. Authement, 96-1662 (La.4/8/97), 691 So.2d 1213; Nesbitt v. Progressive Insurance Co., 29,660 (La.App. 2d Cir. 6/18/97), 697 So.2d 672.
Acknowledging that the first form was signed by White on the initial effective date of the policy, May 11, 1993, plaintiffs contend the second form signed on April 21, 1994 is legally ineffective because it was not signed on the initial or a subsequent effective date of the policy, and Travelers did not show that the second form was signed contemporaneously with White's application to make a change in his policy. Notwithstanding the dicta to the contrary in Futch v. Commercial Union Insurance Co., 625 So.2d 1019 (La.1993), so labeled by two of the four concurring justices, a rejection of UM coverage signed before the date of the accident giving rise to the UM claim is not rendered invalid by the fact that it was not executed contemporaneously with the insurance application or the policy's issuance. See and compare Washington v. Savoie, 92-2957 (La.4/11/94), 634 So.2d 1176; New Hampshire Ins. Co. v. Gowen, 29,842 (La.App.2d Cir. 9/24/97), 699 So.2d 1169; Deville v. Allstate Insurance Co., 96-161 (La.App. 3d Cir. 10/9/96), 688 So.2d 1122; and Moyles v. Cruz, 96-0307 (La.App. 4th Cir. 10/16/96), 682 So.2d 326, writ denied. See also Alexander v. Allstate Insurance Co., 493 So.2d 677 (La. App. 2d Cir.1986) and Tapia v. Ham, 480 So.2d 855 (La.App. 2d Cir.1985), writ denied.
Where UM rejection forms signed by the named insured are facially valid and the insured has not asserted, by affidavit or other competent evidence, that he did not understand the forms he signed, the insurer need not affirmatively show that the insured was fully informed of his UM coverage options apart from the written forms in order for the insurer to prevail on its motion for summary judgment. See and compare Mixon v. Progressive Specialty Co., 29,698 (La. App. 2d Cir. 6/18/97), 697 So.2d 662.

DECREE
At plaintiffs' cost, the judgment is AFFIRMED.