| iNORRIS, Judge.
Arnita Horne and her husband filed suit against her automobile insurance carrier, Horace Mann Insurance Company (“Horace Mann”) and Frederick Taylor. Horace Mann filed a motion for summary judgment urging that Arnita vaEdly rejected UM coverage. The District Court agreed and dis *274 missed all claims against Horace Mann with prejudice; plaintiffs appeal.[1] We affirm.
I.
In May, 1992, Arnita suffered personal injuries as a result of an automobile collision with Taylor, the alleged tortfeasor. Because Taylor was uninsured or underinsured, Arni-ta sought UM coverage from Horace Mann. After the plaintiffs filed suit, Horace Mann filed a motion for summary judgment contending that the UM rejection form signed by Arnita is legally valid.
Arnita countered that the UM rejection form contained ambiguous language and an illegally low UM limit option. She further averred by affidavit that the circumstances surrounding the execution of her application for insurance prevented her from making an informed rejection.[2]
The District Court granted the summary judgment motion and dismissed all claims against Horace Mann with prejudice. The plaintiffs appeal, urging that the District Court erred in ruling that the UM rejection form was legally valid.
II.
Uninsured motorist coverage is required under an automobile insurance policy in not less than the limits of bodily injury liability unless the named insured |2rejects the coverage or selects lower limits. La. R.S. 22:1406 D(1)(a)(i). A valid rejection or selection of lower limits must be in writing and signed by the named insured or his legal representative. Lafitte v. Compton, 29,296 (La.App.2d Cir.2/26/97), 690 So.2d 872, writ denied 97-1138 (La.6/20/97), 695 So.2d 1355. It is the rejection of UM coverage, not the acceptance, that must be the affirmative act on the insured. Anderson v. Allstate Ins. Co., 29,-847 (La.App.2d Cir.9/24/97), 699 So.2d 1160.
The fact that the legislature chose to allow each insurer to design its own UM rejection form rather than mandating a particular format resulted in a diverse set of formats with some better than others. Daigle v. Authement, 96-1662 (La.4/8/97), 691 So.2d 1213. An insurer is not required to provide the best possible rejection format, only one that is adequate for the purpose intended by the legislature. Id at 1215.
The insurer must provide sufficient information for the insured to make an informed and meaningful selection of UM coverage options. New Hampshire Ins. Co. v. Gowen, 29,842 (La.App.2d Cir. 9/24/97), 699 So.2d 1169, writ denied 97-2691 (La.1/9/98), 705 So.2d 1112. The form used by the insurance company must give the applicant the opportunity to make a meaningful selection from his options provided by statute: (1) UM coverage equal to bodily injury limits in the policy; (2) UM coverage lower than bodily injury limits in the policy; or (3) nó UM coverage. Mixon v. Progressive Specialty Co., 29,698 (La.App.2d Cir.6/18/97), 697 So.2d 662 citing Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La.1992).
The insurer bears the burden of proof that a rejection of coverage or a selection of lower limits has been legally perfected. Daigle, supra.
JjIII.
The UM rejection form used by Horace Mann and signed by Arnita Horne is attached to this opinion as an appendix.
Arnita contends that the language contained in the UM rejection form is ambiguous and deprives an applicant of a meaningful selection. Specifically, she argues that the phrase “Louisiana Law requires” contained in the introductory sentence followed by “may also select” in the next sentence could lead an applicant to divergent yet reasonable interpretations.
In support, Arnita cites Herman v. Rome, 95-666 (La.App.5th Cir. 1/17/96), 668 So.2d *275 1202, Anderson v. Allstate Ins. Co., 93,1102 (on reh’g) (La.App. 1st Cir.4/8/94), 642 So.2d 208, writ denied 94-2400 (La.11/29/94), 646 So.2d 404, and Holbrook v. Holliday, 93,1639 (La.App. 1st Cir.6/1/94), 640 So.2d 804, writ denied 94-1735 (La.10/7/94), 644 So.2d 642.
However, the UM rejection forms at issue in those cases contained language such as the applicant has “the right to be provided with” UM coverage or that “the policy will provide” UM coverage. Those courts found the UM rejections forms ambiguous because the language suggested that an applicant had to act to acquire UM coverage or that UM coverage was not presently available. Those cases are inapposite.
The form in the instant case clearly notifies the applicant that UM coverage is mandated by law in the same amount as liability coverage provided in the policy and then informs the applicant that she has options to select lower limits or reject UM coverage altogether. Moreover, a UM rejection form containing virtually the identical language and format was found to comply with the legal requirements in Longo v. Bercegeay, 96,1129, (La.App. 3d Cir.3/5/97), 692 So.2d 531.
|4Next, Arnita argues that the format of the UM rejection form is deficient because the only two boxes labeled “Option” are those which provide for complete rejection of UM coverage and for the selection of UM property damage coverage. However, Arni-ta’s contention overlooks the fact that the word “option” appears above each of the two rows of available UM “lower limits” coverage. In fact, all boxes are labeled “option” except for the box providing for UM coverage at bodily injury limits, further demonstrating that such coverage is not a option to select but to reject. This format is virtually identical to that approved in Longo, supra.
Finally, because the UM rejection form offers the option of selecting UM coverage with limits of $5,000/$10,000, Arnita argues that the option violates the minimum liability limit statute, and therefore the form is defective on its face. However, Arnita’s position fails to distinguish between the minimum UM coverage limit and the minimum liability limit. At all pertinent times, the minimum liability statute, La. R.S. 32:900, required the minimal coverage of what is commonly known as 10/20/10.
However, at the time the policy went into effect and at the time of the accident, § 1406 D(l)(a)(i) did not provide for a minimum amount of UM coverage in the event that the insured selected lower limits. See Pine v. Doolittle, 28,141 (La.App.2d Cir.6/26/96), 677 So.2d 686, writ denied 96-2269 (La.5/30/97), 694 So.2d 240. It was not until after the claim arose that § 1406 D(l)(a)(i) was amended to provide that the minimum UM policy limits shall not be lower than the minimum liability limits as set forth in La. R.S. 32:900. See 1992 La. Acts No. 980 § 1; Daigle, supra at n. 6 and accompanying text; West v. Louisiana Indem. Co., 26,845 (La. App.2d Cir.4/5/95), 653 So.2d 194, writ denied 95-1099 (La.6/16/95), 655 So.2d 337. Thus, the UM rejection form did not offer an |sunavailable option at any of the pertinent times. Thus we cannot say that the inclusion of the $5, 000/$10, 000 option invalidated Arnita’s rejection of UM.
IV.
For the aforementioned reasons, we find the UM rejection form is not ambiguous or unclear as to have deprived Arnita of a meaningful choice. Accordingly, the judgment of the trial court granting the summary judgment motion is affirmed. All costs of this appeal are assessed to the plaintiffs, Arnita Horne and Dennis Horne.
AFFIRMED.
*276 [[Image here]]

. This court ordered the District Court to make an express determination as to whether or not this matter should be immediately appealable. See La. C.C.P. art. 1915 B(1); Banks v. State Farm Ins. Co., 30,868 (La.App.2d Cir.3/5/98), 708 So.2d 523. Pursuant to that order, the District Court certified the judgment as final.

. However, plaintiffs do not reiterate this argument on appeal. Thus the argument is abandoned. URCA rule 2-12.4.