JjNORRIS, Chief Judge.
John Rogers appeals a judgment upholding the validity of an uninsured motorist rejection form executed by his employer, Air Ref Inc. For the reasons expressed, we affirm.
On October 19, 1995 Rogers was driving a company truck, a 1991 Ford pickup, in southeast Shreveport when he was rear-ended by a 1995 Ford Explorer driven by Casandra Caston. Rogers sued Caston and her insurer, Allstate, and Air Refs insurer, American Central Insurance Company. Air Refs compensation carrier also intervened as a plaintiff to recover with preference the workers’ comp benefits it paid on Rogers’s behalf. Prior to trial, Rogers settled with Caston and Allstate, reserving his claims against American Central.[1]
American Central defended on grounds that Air Ref, the owner of the policy, had rejected uninsured/underinsured motorist coverage. The only issue for trial was the validity of the rejection. Before submitting the case, the parties stipulated that Air Refs owner and secretary-treasurer, Mr. and Mrs. Morris, understood they had the right to receive UM coverage equal to their liability limits, select lower limits or reject UM entirely.[2] The parties also jointly filed the UM “Selection or Rejee *644 tion Form” actually signed by Mrs. Morris, rejecting all UM coverage. This form provided:
LOUISIANA
UNINSURED/UNDERINSURED MOTORISTS SELECTION OR REJECTION FORM
The Louisiana Insurance Code, R.S. Section 22:1406, as amended, requires us to provide you with Uninsured/Underin-sured Motorists coverage with limits equal to the Bodily Injury limits of your policy unless you advise us, in writing, that you either reject the coverage or | «select limits higher or lower than the Bodily Injury limits of your policy. You make your election by putting an “X” in the square before one of the following statements, signing and dating the Certification and returning it to us.
CERTIFICATION
□ I reject all Uninsured/Underinsured Motorists coverage for any vehicle whether owned, hired or non owned.
□ I select Uninsured/Underinsured limits of $ on all automobiles.
[[Image here]]
I authorize you to use this Certification on my current policy [policy number omitted] and on all renewals, rewrites, continuations or replacements of that policy. I certify that I am fully authorized to make this Certification and, in consideration of the premiums charged, to [sic ] agree on behalf of the insured to reimburse you for any payment you may be required to make on account of claims, suits, defense costs or judgments contrary to the above agreements, and I do so agree.
NAME AND TITLE
DATE
After submission, the District Court rendered judgment finding that the UM rejection signed by Mrs. Morris on behalf of Air Ref was valid and enforceable. The court therefore granted judgment in favor of American Central and dismissed the plaintiffs claims. This appeal followed.
UM coverage is required under any automobile insurance policy in not less than the limits of bodily injury liability unless the named insured rejects the coverage or selects lower limits. La. R.S. 22:1406 D(l)(a)(i). The insured is afforded three options regarding UM coverage: (1) UM coverage with limits equal to the policy’s bodily injury limits, (2) UM coverage with limits lower than the policy’s bodily injury limits, or (3) no UM coverage. Tugwell v. State Farm, 609 So.2d 195 (La.1992). The rejection or selection of lower limits must be done on a form provided by the insurer and signed by the named insured or a representative. R.S. 22:1406 D(l)(a)(ii). The applicant must be given an I «opportunity to make a meaningful selection from the options available on the form utilized by the insurer. Tugwell v. State Farm, supra. The rejection must be “expressed clearly, unambiguously and unmistakably.” Henson v. Safeco Ins. Cos., 585 So.2d 534 (La.1991). However, no particular language or format is sacrosanct; a rejection form will be upheld if it adequately advises the applicant of his options. Daigle v. Authement, 96-1662 (La.4/8/97), 691 So.2d 1213.
Rogers advances two arguments on appeal. The first, which was rejected by the District Court, is that American Central’s rejection form is facially invalid because it failed to provide a separate box for the insured to select limits equal to bodily injury limits. However, this precise argument was considered and rejected in White v. Shoalmire, 30,158 (La.App. 2 Cir. 1/21/98), 706 So.2d 588, in which the form first stated the requirements of Louisiana law concerning UM coverage, then provided the insured with two options, either to *645 reject UM coverage or to select UM coverage at lower limits than the bodily injury liability limits. We held that the failure to provide a separate box for affirmatively choosing coverage that the law requires does not invalidate the form. See also Nesbitt v. Progressive Ins. Co., 29,660 (La.App. 2 Cir. 6/18/97), 697 So.2d 672. There is nothing in the instant case to distinguish it from White, and we decline to depart from our prior decision.
Rogers’s second argument, which was not presented to the District Court, is that the form is invalid for apparently permitting the insured to select UM limits higher than bodily injury limits of the policy. Rogers cites R.S. 22:1406 D(l)(b):
Any insurer delivering or issuing an automobile liability insurance policy referred to herein shall also permit the insured, at his written request, to increase the coverage applicable to the uninsured motor vehicles provided for herein to any available limit up to the bodily injury liability coverage limits afforded under the policy. [Emphasis added]
Rogers correctly argues that the UM statute is to be liberally construed to Rassure that the innocent victims of automobile accidents will be fully compensated by UM coverage as their primary protection when the tortfeasor is without coverage or has inadequate coverage. See, e.g., Hoefly v. GEICO, 418 So.2d 575 (La.1982). However, the court in Tugwell v. State Farm, supra, held that this objective was served when the insurer advised the applicant of his three options, listed above. The rejection form herein adequately informs the insured of these options.
We do not see how the mention of greater UM coverage could defeat the beneficial purpose of the statute or mislead an applicant into mistakenly rejecting UM or selecting lower limits. We also note that a similar provision in rejection forms prepared by INA and GEICO, respectively, has not been found to be invalid. Longo v. Bercegeay, 96-1129 (La.App. 3 Cir. 3/5/97), 692 So.2d 531; Orillion v. Allstate Ins. Co., 96 1131 (La.App. 1 Cir. 2/14/97), 690 So.2d 846, writ denied 97-0664 (La.4/25/97), 692 So.2d 1092. This argument lacks merit.
For the reasons expressed, the judgment is affirmed at the plaintiffs costs.
AFFIRMED.

. Air Ref's compensation carrier, Louisiana Home Builders Association Self Insurance Fund, also reserved its rights against American Central.

. The policy provided bodily injury liability coverage of $300,000 per occurrence.