|,WILLIAMS, Judge.
The plaintiff, Ella Helton, appeals a summary judgment rendered in favor of the defendant, Louisiana Insurance Guaranty Association (“LIGA”). The trial court found that the insurance policies at issue contained valid rejections of uninsured motorist (UM) coverage and dismissed plaintiffs claims. For the following reasons, we affirm.
*240 FACTS
On June 22, 1989, the plaintiff, Ella Hel-ton, was a guest passenger in a vehicle owned by Wallace Murphy and driven at the time by Brennan Murphy. The Murphy vehicle was towing a disabled automobile, which was struck by a vehicle driven by Alvin Courtney. The plaintiff was injured in the collision.
The Andrew Jackson Casualty Insurance Company had issued automobile insurance policies to the plaintiffs son, Jimmy Helton, with whom she lived, and to Wallace Murphy. Both policies provided the statutory minimum liability limits of $10,000 per person and $20,000 per accident. Each policy contained UM coverage rejection language, which stated, “UM REJECTION: In accordance with Act 154 of the 1974 Louisiana Legislature, insurance companies are required to provide uninsured motorist limits equal to your bodily injury limits. You may reject this coverage by signing below.” The UM rejections were signed by Jimmy Helton in October 1988 and by Wallace Murphy in April 1989.
The plaintiff filed a petition for damages against the defendants, Brennon Murphy, Jackson Insurance Company, Alvin Courtney and his insurer, State Farm Mutual Automobile Insurance Company. Plaintiff later added LIGA, the statutory successor to the insolvent Andrew Jackson Insurance Company, as a defendant. Courtney filed a separate action against Murphy, Jackson Insurance Company, State Farm, Sidney Wyant and Sovereign Fire & Casualty Insurance Company. These two actions were consolidated for trial. Prior to trial, the parties settled their 12claims in the consolidated cases, with the exception of plaintiffs claim for UM proceeds under the Jackson Insurance Company policies issued to Jimmy Helton and to Wallace Murphy. LIGA filed a motion for summary judgment, alleging that neither policy provided UM coverage.
Following a brief hearing, the district court issued written reasons for judgment, finding that the insurer was not required to offer UM coverage lower than the statutory minimum liability limits, and that the policies at issue contained valid rejections of UM coverage. The court granted summary judgment in favor of the defendants, dismissing plaintiffs claims. The plaintiff appeals the judgment.
DISCUSSION
The plaintiff contends the district court erred in granting the motion for summary judgment. Plaintiff argues that UM coverage was not validly rejected because the insurance form did not include an option to select UM limits lower than the statutory minimum liability limits. We disagree.
Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. NAB Natural Resources v. Willamette Industries, Inc., 28,555 (La.App.2d Cir.8/21/96), 679 So.2d 477.
LSA-R.S. 22:1406(D) requires insurers to provide uninsured motorist coverage in an amount not less than the limits of bodily injury liability coverage provided by the policy. However, UM coverage is not required when a named insured rejects such coverage in writing or selects lower limits. A valid rejection must be in writing and signed by the named insured. Thomas v. Goodson, 26,356 (La.App.2d Cir.12/7/94), 647 So.2d 1192. LSA-R.S. 22:1406(D)(1)(a)(i) was ^amended in 1992 to provide that in no event shall the policy limits of the uninsured motorist policy be less than the minimum limits required under LSA-R.S. 32:900.
In the present case, the plaintiff relies on the case of Tugwell v. State Farm *241 Ins. Co., 609 So.2d 195 (La.1992), to support his argument that the UM rejections were not valid because the insurance policies, which were issued prior to the 1992 amendment, failed to offer UM coverage limits lower than the bodily injury limits. In Tugwell, supra, the supreme court stated that compliance with the statute requires that applicants have the option of (1) UM coverage equal to the bodily injury limits, (2) UM lower than those limits, or (3) rejection of UM coverage. In that case, the insured had purchased a policy with liability limits of $1,000,000 and had signed a rejection of UM coverage. The supreme court held that the rejection was not valid because the insured was not given the option of selecting lower UM limits.
However, the court in Tugwell did not address the factual situation of the present case, in which the insurance policies provided the statutory minimum bodily injury limits. Thus, contrary to the plaintiffs contention, the. Tugwell case does not provide authority for the position that prior to the 1992 amendment of R.S. 22:1406, the insurer was required to offer UM coverage in an amount lower than the statutory minimum liability limits.
With respect to insurance claims arising prior to the 1992 amendment, this court has previously held that when, as here, an applicant selects the statutory minimum liability coverage, and rejects UM coverage equal to the liability limits of the policy, the rejection of UM coverage is not deemed invalid because the insured was not given the option to select UM limits below the statutory minimum liability limits. West v. Louisiana Indemnity Co., 26,845 (La.App.2d Cir.4/5/95), 653 So.2d 194, writ denied, 95-1099 (La.6/16/95), 655 So.2d 337. This conclusion is based on the reasoning that the insurer could not offer UM coverage |4below the statutory minimum liability limits. Pine v. Doolittle, 28,141 (La.App.2d Cir.6/26/96), 677 So.2d 686, writ denied, 96-2269 (La.5/30/97), 694 So.2d 240; West, supra.
The plaintiff did not contest the validity of the signatures specifically rejecting UM coverage. The evidence does not indicate that the named insureds were unaware of what they were signing. A person who signs a written document is presumed to have knowledge of that which he signs. Thomas, supra. In addition, we reiterate this court’s view that the requirement that the applicant be offered the option to select lower UM limits, as stated in R.S. 22:1406(D)(1)(a)(i) and Tugwell, applies only in those instances where the liability limits chosen exceed the statutory minimum.
Based upon this record, we cannot say the district court erred in finding the lack of a genuine issue of material fact and that the defendant, LIGA, is entitled to judgment as a matter of law. Consequently, we conclude that the district court correctly rendered summary judgment in favor of LIGA. The assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, the district court’s judgment in favor of the Louisiana Insurance Guaranty Association is affirmed. Costs of this appeal are assessed to the appellant, Ella Helton.
AFFIRMED.